

MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

MAXWELL D. LEIGHTON
Assistant Corporation Counsel
Phone: 212-788-0407
Fax: 212-788-0877
E-mail: mleighto@law.nyc.gov

December 14, 2009

**By ECF**
Honorable Sandra L. Townes
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:   Thomas, et al. v. NYC Dep't of Education, et al.
               Docket No. 09 Civ. 5167 (SLT)(RLM)

Dear Judge Townes:

      I am an Assistant Corporation Counsel in the Office of Michael A. Cardozo, Corporation Counsel of the City of New York, attorney for defendants New York City Department of Education and Joel I. Klein in the above-referenced action. In this action, plaintiffs are challenging, *inter alia*, the constitutionality of various provisions of the New York State Education Law. Accordingly, the State Attorney General is entitled to notice and an opportunity to intervene in the action. Under Fed. R. Civ. P. 5.1(c), "unless the court sets a later time, the attorney general may intervene within 60 days after the notice is filed or the court certifies the challenge . . . ."

      Plaintiffs' counsel has confirmed that she has not filed the required notice. Therefore, defendants respectfully request that the Court, pursuant to Fed. R. Civ. P. 5.1(b), certify to the New York State Attorney General that the constitutionality of various provisions of

New York's Education Law has been questioned.[1]  Plaintiffs' counsel has informed me that she has no objection to this request.

        I thank the Court for its consideration of this request.

Respectfully submitted,

*Maxwell* (signature)

Maxwell D. Leighton
Assistant Corporation Counsel
mleighto@law.nyc.gov

cc:    Honorable Roanne L. Mann (By ECF)
       United States Magistrate Judge

       Joy Hochstadt (By ECF)
       Counsel for plaintiffs

---

[1] Defendants included this request in their December 10th letter to Magistrate Judge Mann seeking an extension of time to respond to the complaint. Judge Mann's Order, dated December 11, 2009, granted that extension request, but did not address defendants' request for certification to the State Attorney General.  As such subject may more properly be directed to Your Honor, defendants respectfully make the instant request.