UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

THOMAS et al

                              Plaintiffs,

  -against-

NEW YORK CITY DEPARTMENT OF EDUCATION et al

                              Defendants.

ECF Case

09-CV-5167 (SLT)(RLM)

ORDER TO
SHOW CAUSE

**THIS MATTER HAVING COME** before the Court on Plaintiffs' Order to Show Cause, pursuant to Local Rule 6.1 (d), for emergency and interim injunctive relief, and based upon the accompanying Affidavit of David Pakter showing good and sufficient reason why a procedure other than a motion on notice is necessary and appropriate and the Court having considered the submissions and the arguments of counsel, and for good cause being shown,

      **IT IS HEREBY ORDERED** as follows:

**I.    As to Preservation / Production of Documents**:

    A.    Defendants are hereby directed to preserve all documents, both hard copies and electronically stored information ("ESI") related to the W-2 issued, paychecks issued and time sheets upon which the W-2 and paychecks were issued;

    B.    Defendants are hereby directed to produce copies of all documents, both hard copies and ESI, related to the issuance of the W – 2 dated January 2010 issued to David Pakter;

    C.    Defendants are hereby directed to produce copies of all documents, both hard

1

copies and ESI, exchanged between Lawrence Becker, Judith Rivera, Darlene Alba Hart and/or any person involved in the actions taken after the filing of this complaint pursuant to which issued payroll checks were directed to be withheld from David Pakter;

D.   Defendants are hereby directed to produce copies of all documents sent to Lawrence Becker, Judith Rivera, Darlene Alba Hart and/or any person in Defendants DOE's employ directing that the issued payroll checks could and should be withheld from David Pakter;

E.   Defendants are hereby directed to produce all documents, both hard copies and ESI, related to the time sheets (and all copies thereof) for the periods from Sept. 1st to present, upon which the payroll checks were issued and upon which the January 2010 W – 2 was issued;

F.   Within ___ days of the issuance of this Order, Defendants are directed to release and deliver to Plaintiff David Pakter:

1.   Paycheck dated 10/15/09, Check # Q 40833726, in the gross amount of $4,168.71, net amount of $2,618.88, with deductions of $1,549.83, for the period 10/1 – 15/09 and which monies are included in and formed the basis for the payments reflected in the January 2010 W-2;

2.   Paycheck dated 10/30/09, Check # Q 40851564, in the gross amount of $4,168.71, net amount of $2,618.88, with deductions of $1,549.83, for the period 10/16 – 30/09 and which monies are included in and formed the basis for the payments reflected in the January 2010 W-2;

3.   Paycheck dated 11/16/09, Check # Q 40869737, in the gross amount of $4,168.71, net amount of $2,618.89, with deductions of $1,549.82 for the period 11/1 – 15/09, and which monies are included in and formed the basis for the payments reflected

in the January 2010 W-2;

4. Paycheck dated 11/30/09, Check # Q 40884813, in the gross amount of $4,168.71, net amount of $2,031.62, with deductions of $2,137.09, for the period 11/16-30/09 and which monies are included in and formed the basis for the payments reflected in the January 2010 W-2;

5. Paycheck dated 12/15/09, Check # Q 40903254, in the gross amount of $833.75, net amount of $75.09, with deductions of $758.66, for the period 12/1-15/09 and which monies are included in and formed the basis for the payments reflected in the January 2010 W-2;

6. Paycheck dated 12/30/09, Check # Q 40919543, in the gross amount of $833.75, net amount of $75.08, with deductions of $758.67, for the period 12/16-30/09 and which monies are included in and formed the basis for the payments reflected in the January 2010 W-2;

7. Check # Q 40935504, in the gross amount of $833.75, net amount of $70.43, with deductions of $763.32, for the period 1/1-15/10;

8. Check # Q 40950573, in the gross amount of $833.75, net amount of $70.42, with deductions of $763.33, for the period 1/16-30/10;

**IT IS FURTHER ORDERED** that Defendants show cause before this Court at a hearing to be held on _____ why an Order should not be entered enjoining Defendants as follows:

II.     **<u>As to Compliance with Timing Provisions of NYS Educ. L. 3020-a</u>**

A.     Finding that Defendant DOE violated NYS Educ. L. 3020-a through its conduct of disciplinary hearings that were not conducted in accordance with the time provisions of NYS Educ. L. 3020-a;

B.     Finding that the Rubber Rooms in which Defendant DOE keeps Plaintiffs and other putative class members confined violates Chancellors Regulation C-770;

C.     As to Plaintiff David Pakter and all other similarly situated Plaintiffs, whose 3020-a disciplinary hearings have not been completed in accordance with the timing provisions of NYS Educ. L. 3020-a, Defendant DOE is ordered to:

1.     Enter judgments dismissing with prejudice all such disciplinary charges/specifications made against plaintiff due to Defendant DOE's failure to comply with the NYS Educ. L. 3020-a timing requirements; or,

2.     In the alternative, directing that Defendant DOE at its own costs, shall convene and complete any such disciplinary hearing within _____ days of this Order;

D.     As to all Plaintiffs who are presently confined in Rubber Rooms and whose 3020-a disciplinary hearings were not commenced in accordance with the timing provisions of NYS Educ. L. 3020-a, Defendant DOE is ordered to:

1.     Enter judgments dismissing with prejudice all such disciplinary complaints made against plaintiffs due to Defendant DOE's failure to comply with the NYS Educ. L. 3020-a timing requirements; or

2.     In the alternative, directing that Defendant DOE at its own costs, shall convene and complete any such disciplinary hearing within _____ days of this Order;

    III.    **As to Compliance with Chancellors Regulations Regarding Rubber Rooms**

    A.    Finding that the Rubber Rooms do not comply with Chancellors Regulation C-770;

    B.    Finding that the Rubber Rooms are a hostile work environment due to Defendants (i) failure to provide confined teachers with work assignments similar to and in accordance with their status, and (ii) failure to equip the Rubber Rooms with facilities similar to a "school environment" including but not limited to Lounge Facility with public phones, copy and fax machines and computer terminals, Library or access to computer terminal and library facilities, separate teacher cafeteria; free wireless Internet Access; permit use of Cell Phones and laptops; offer staff development training to rehabilitate teachers long confined in said rubber rooms which shall be open to all reassigned teachers

    C.    Finding that the reassignment centers are hostile work environments;

    **IT IS FURTHER ORDERED** as follows:

    IV.    **As to Temporary Injunctive Relief**

Pending the issuance of an order following the scheduled hearing, Defendant is restrained and enjoined as follows:

    A.    Defendants shall issue no further rulings in pending 3020-a disciplinary hearings that were not conducted within the time provisions of NYS Educ. L. 3020-a;

    B.    Defendants shall not attempt to enforce any further decisions by arbitrators in 3020-a disciplinary hearings that were conducted outside the time provisions of NYS Educ. L. 3020-a;

    C.    Defendants shall not institute any new 3020-a disciplinary hearings that are not in

compliance with the timing provisions of NYS Educ. L. 3020-a:

 D. Defendants shall not require Plaintiffs or any putative class members to appear at any temporary reassignment center unless and until:

  1. Defendant is in full compliance with Chancellors Regulation C-770;

  2. The centers to which Plaintiffs and Plaintiff class members are assigned (i) provide confined teachers with work assignments similar to and in accordance with their status, (ii) are equipped with facilities similar to a "school environment" including but not limited to Lounge Facility with public phones, copy and fax machines and computer terminals, Library or access to computer terminal and library facilities, separate teacher cafeteria; free wireless Internet Access; and permit use of Cell Phones; (iii) provides periodic continuing staff development programs; and (iv) provide free counseling and health services for stress induced by confinement in the Rubber Rooms;

 E. Until Defendant has complied with the provisions of Par. III. D. above, Plaintiff Pakter and none of the other named Plaintiffs or other putative class members may be assigned to centers that are not in compliance;

 F. Until Defendant has complied with the provisions of Par. III. D. above, Plaintiff Pakter shall not be required to appear at the reassignments centers as a condition of being paid;

**IT IS FURTHER ORDERED** as follows:

 V. **As to Further Miscellaneous Relief**

Plaintiff Pakter and any of the putative class members who allege that they have been similarly retaliated against, in part as a result the filing of this lawsuit, or their expression of their

6

1st Amendment rights, including their efforts to seek redress for Defendants non compliance with NYS Educ. L. 3020-a, shall be permitted to file independent lawsuits, making claims specific to their maltreatment, and naming any such additional defendants as may have been allegedly involved with the claims of unlawful retaliation, and any such lawsuit shall be filed in this District and marked as a related case to this action.

Dated: _____    _____
      Brooklyn, NY                                                                                    USDJ