# EXHIBIT 4

Case 1:09-cv-05167-SLT -RLM   Document 18-3   Filed 02/16/10   Page 2 of 17

800.523.7887             09/08/2009, In the matter of David Pakter        Associated Reporters Int'l., Inc.

Page 2690

1  David Pakter - 9-8-2009
2      THE HEARING OFFICER: Take us
3  off until the witness gets here please, Sarah.
4      (Off the record.)
5      THE HEARING OFFICER: I'm
6  Doug Bantle, the hearing officer.
7      MS. HART: Thank you.
8      THE HEARING OFFICER: You've
9  met counsel -- this is the counsel for the
10 other side --
11     MS. HART: Hi.
12     THE HEARING OFFICER: -- the
13 Respondent, Chris Callagy. He'll ask you some
14 questions after Phil ends up with his. I'm
15 going to swear you in. You don't have to
16 stand. Just raise your right hand please. Do
17 you swear that the testimony you're about to
18 give is the truth, the whole truth and nothing
19 but the truth?
20     MS. HART: I do.
21     DARLENE HART; Sworn.
22     THE HEARING OFFICER: Thank
23 you very much. Mr. Oliveri, your witness.
24     MR. OLIVERI: Thank you, Mr.

Page 2691

1      Hart - Direct - Oliveri
2  Bantle.
3      DIRECT EXAMINATION
4  BY MR. OLIVERI:
5      Q. Good morning, Ms. Hart.
6  Could you please state your full name on the
7  record?
8      A. Darlene Hart.
9      Q. Okay. And Ms. Hart, are you
10 currently employed?
11     A. Yes.
12     Q. Where are you currently
13 employed?
14     A. High School of Art and
15 Design --
16     Q. And --?
17     A. -- 1075 Second Avenue.
18     Q. And in what capacity are you
19 employed at the School of Art and Design?
20     A. Payroll secretary.
21     Q. And how long have you been
22 employed by the School of Art and Design?
23     A. Since 1998.
24     Q. And how long have you

Page 2692

1      Hart - Direct - Oliveri
2  been --?
3      THE HEARING OFFICER: Since
4  1980 what?
5      THE WITNESS: 98.
6      THE HEARING OFFICER: 98?
7      THE WITNESS: Uh-huh.
8  BY MR. OLIVERI: (Cont'g.)
9      Q. And how long have you been
10 working as payroll secretary for the School of
11 Art and Design?
12     A. Since 1998.
13     Q. What are -- could you please
14 state your duties and responsibilities as
15 payroll secretary?
16     A. I handle all human resources.
17 I handle all timekeeping, medical coverage,
18 leave of absence, whatever teachers ask,
19 payroll questions, you know, as far as salary
20 differentials, medical leave.
21     Q. Ms. Hart, were you working
22 anywhere -- excuse me. I apologize, withdrawn.
23     Were you working with the
24 Department of Education in any other position

Page 2693

1      Hart - Direct - Oliveri
2  besides payroll secretary before 1998?
3      A. I was a school aide from 1997
4  to 1998.
5      Q. So, were you working -- is it
6  your testimony that you worked -- you had been
7  working with the Department of Education since
8  1997?
9      A. Yes.
10     Q. Were you a payroll secretary
11 for the School of Art and Design for the school
12 year of 2006-2007?
13     A. I was. Yes.
14     Q. Do you know -- personally
15 know who an individual by the name of David
16 Pakter is?
17     A. Only as a teacher. Not out
18 of the school. I know him as being an art
19 teacher in the school.
20     THE HEARING OFFICER: You --
21 you knew that he was a teacher? You didn't
22 know him as an individual, but you knew he was
23 like on paper?
24     THE WITNESS: No. I knew him

4 (Pages 2690 to 2693)

Case 1:09-cv-05167-SLT -RLM   Document 18-3   Filed 02/16/10   Page 7 of 17

immediately forward copies of the decision to the employee and to the clerk or secretary of the employing board. The written decision shall include the hearing officer's findings of fact on each charge, his or her conclusions with regard to each charge based on said findings and shall state what penalty or other action, if any, shall be taken by the employing board. At the request of the employee, in determining what, if any, penalty or other action shall be imposed, the hearing officer shall consider the extent to which the employing board made efforts towards correcting the behavior of the employee which resulted in charges being brought under this section through means including but not limited to: remediation, peer intervention or an employee assistance plan. In those cases where a penalty is imposed,



acceptance of such selection. Within ten to fifteen days of receipt of this notice from the Commissioner, the

meeting of the board. The board may, however, in its discretion, waive the five day time requirement. As

Case 1:09-cv-05167-SLT-RLM Document 18-3 Filed 02/16/10 Page 13 of 17

a. An affidavit of service showing service of a copy of the charges upon the employee.

b. A copy of the employee's request for a hearing (3020-a-2)

c. A notice of the need for a hearing (Form 3020-a-5)

d. The place to be provided by the board for holding the hearing, within the school district or the county seat; (Form 3020-a-5)

e. Name, address and telephone number of the attorney, if any, who will represent the complainant at the hearing; (Form 3020-a-5)

f. The name of the panel member selected by the school board, if applicable; (Form 3020-a6)

g. Whether an expedited hearing is sought, and whether the employee is suspended, either with or without pay.

h. An estimate of the number of days needed for the hearing.

2. Forward to the Employee by **certified mail, return receipt requested:**

   a. The place to be provided by the board for holding the hearing.

   b. The name and address of the attorney, if any, who will represent the complainant at the hearing.

   c. Whether an expedited hearing is sought, and whether the employee is suspended, either with or without pay.

   d. An estimate of the number of days needed for the hearing

   e. The name of the panel member selected by the board of education, if applicable.

Separate notification of the need for a hearing must be given to the Commissioner of Education with respect to each employee against whom charges have been filed. If the board has indicated that charges involve pedagogical incompetence or issues involving pedagogical judgement and the board fails to name a panel member in this notice, the Commissioner will appoint a panel member for the board. **It is essential that a representative of the district contact the board's selected panel member to ascertain that the panel member will be available for the duration of the hearing.**

**Within five days** after receiving the copy of the notice of the need for a hearing which includes charges of pedagogical incompetence or issues involving pedagogical judgement, the employee must notify the Commissioner of Education and the school board in writing **by certified mail**, of the name of his selection for the hearing panel. If the employee fails to notify the Commissioner, and he has not waived his right to a panel hearing, the Commissioner will appoint a panel member for the employee.

Upon notification of the need for a hearing, the Commissioner will request that the American Arbitration Association provide a list, including a brief biography, of potential hearing officers. The Commissioner will forward a copy of such list to the attorney representing the board and the employee. Not later than ten days from the mailing of the list, the parties or their representatives shall by agreement select a hearing officer and notify the Commissioner of such selection. If the parties fail to notify the Commissioner

within, ten days the Commissioner shall request that the association select a hearing officer.

The district clerk or the secretary of the board of education must maintain on file an up-to-date list of the panel members supplied by the Commissioner, from which list the school board and the employee must