

MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

MAXWELL D. LEIGHTON
Phone: 212-788-0407
Fax: 212-788-0877
E-mail: mleighto@law.nyc.gov

March 16, 2010

**By ECF**
The Honorable Sandra L. Townes
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re: <u>Thomas, et al. v. NYC Dep't of Education, et al.</u>
           Docket No. 09 Civ. 5167 (SLT)(RLM)

Dear Judge Townes:

      I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, attorney for the defendants in the above-referenced matter, a putative class action challenge to the disciplinary process of the New York City Department of Education ("DOE"). By letter, dated February 12, 2010, defendants sought leave to move to dismiss the complaint.

      On March 12, 2010, Plaintiff Pakter, one of the six individually named plaintiffs, moved for injunctive relief in this action. Defendants now seek permission to move to sever Plaintiff Pakter's claims from the instant action and transfer them to the United States District Court for the Southern District of New York because Mr. Pakter filed a prior existing – and still active – case, <u>Pakter v. New York City Dep't of Educ., et al</u>, 08 CV 7673 (DAB)(KNF), seeking virtually identical relief in the Southern District ("Pakter I"). A copy of excerpts from the Docket Sheet for Pakter I is attached hereto as Exhibit "A."

      Defendants make this application for severance to avoid clearly duplicative litigation between the parties. Fed. R. Civ. P. 21 authorizes severance of claims based on the following factors:

> (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present common questions of fact or law; (3) whether severance would serve judicial economy;

>(4) prejudice to the parties caused by severance; and
>(5) whether the claims involve different witnesses and evidence.

Phillips v. Roane Cty, 2004 U.S. Dist. LEXIS 24541, No. Civ 04-1615, at *6 (S.D.N.Y. Dec. 3, 2004).

Plaintiff Pakter is seeking the precise individual relief from this Court, in this case, that he has already sought in Pakter I, namely, injunctive relief concerning his disciplinary hearing and his employment status. See Docket Sheet, Document Nos. 119, 120, 121, 122, and 130. The relief sought is unique to Plaintiff Pakter, and is not sought by any other plaintiff in the instant putative class action. Further, severance would serve judicial economy, and conserve judicial resources, as Plaintiff Pakter has, and can continue, to seek this relief in Pakter I. Moreover, for that same reason, severance plainly would not prejudice Plaintiff Pakter and, further, would avoid prejudice to defendants, who otherwise are litigating the exact same claims for relief both here and in Pakter I.

In Pakter I, by Order, dated December 7, 2009, the Honorable Deborah A. Batts directed Plaintiff Pakter to "submit a one page letter citing authority, whether legal, administrative, or contractual, supporting his request for an Order directing that Defendant's paychecks not be withheld and that his status not be changed during the pendency of this litigation." A copy of Judge Batts' Order is attached hereto as Exhibit "B."

Thereafter, Plaintiff Pakter moved for reconsideration of the December 7th Order, and, in a supporting letter brief, among other things, alleged that DOE had retaliated against him by withholding his paychecks and that such withholding constitutes irreparable harm. A copy of Plaintiff Pakter's letter brief, dated December 21, 2009, is attached hereto as Exhibit "C."

Plaintiff Pakter's motion for injunctive relief is still pending before Judge Batts. Clearly, Plaintiff Pakter is attempting to litigate the same issues and is seeking the same relief both in this Court and in the Southern District. Defendants had intended to make the instant application at a pre-motion conference before Your Honor and, if leave were granted, within their motion to dismiss. Yet, plaintiff's most recent motion necessitates this immediate application to the Court.

Accordingly, for the reasons discussed, defendants seek to move to sever and transfer Plaintiff Pakter's claims from this action to Pakter v. New York City Dep't of Educ., et al, 08 CV 7673 (DAB)(KNF).

I thank the Court for its consideration of this matter.

Respectfully submitted,

Maxwell D. Leighton
Assistant Corporation Counsel

cc:     Joy Hochstadt, Esq. (by ECF)