*Joy Hochstadt, P.C.*
*Attorneys at Law*
*300 Central Park West, Suite 2E*
*New York, NY 10024*

December 21, 2009

Re: Pakter v. NYC-DOE 08-CV-7673 (DAB)(KNF)

The Honorable Deborah A. Batts
United States District Judge
for the Southern District of New York
Daniel P. Moynihan Federal Courthouse
500 Pearl Street–Room 2510
New York, New York 10007-1312

Dear Judge Batts:

I represent plaintiff in the above matter.

This letter Memorandum is submitted in support of a Motion for Reconsideration of portions of the Court's Dec. 7, 2009 Order, pursuant to Local Rule 6.3 *(effective Dec. 1, 2009)*, related to Court's denial of Plaintiff's Motion for relief related to preservation and spoliation of evidence.

Furthermore, as per my letter dated December 17, 2009, I requested until December 24, 2009 within which to submit additional evidence of Defendant's wrongful retaliation through withholding of Plaintiff's duly issued checks and attempts to improperly change Plaintiffs employment status and alteration, manipulation and destruction of evidence.

## INTRODUCTION

On November 9, 2009 Plaintiff Pakter's Motion for Miscellaneous & Preliminary Injunctive Relief Related to Spoliation and Retaliation and request for Evidentiary Hearing was docketed. *See Dkt # 119.* Plaintiff's Motion was supported by an initial Declaration by Plaintiff Pakter *(Dkt. # 121)*, a supporting Memorandum of Law *(Dkt # 120)*, a Reply Affidavit *(Dkt. # 122)* and a Reply Memorandum of Law *(Dkt. #s 123 - 124).*

The purported evidence submitted in opposition to the Motion consisted solely a Declaration by Defendant's counsel. *See Dkt. # 129.* There was not a single Declaration from a Defendant or a person with knowledge.

As previously explained by Plaintiff Pakter, in the prior submissions which are incorporated herein by reference, the submissions and opposition by Defendant's counsel consist of "manufactured" evidence or hearsay statements from undisclosed persons, all of which should be disregarded as incompetent evidence.

Furthermore, as noted below in the last week, Plaintiff Pakter has discovered additional evidence to show that Defendant's counsel and his clients have and continue to engage in retaliation and are altering, fabricating and/or destroying evidence.

For these reasons, Plaintiff Pakter respectfully prays that this Court expeditiously schedule the Hearing on Plaintiff's Motion for Preliminary and Injunctive Relief, as well as an Evidentiary Hearing on the issues related to ongoing and unlawful retaliation and spoliation.

## ADDITIONAL FACTS DISCOVERED SINCE DEC. 7TH

Defendant's counsel's statement that Defendant is not attempting to change Plaintiff employment status and in fact Plaintiff's employment status is "Suspended with Pay" and that Plaintiff is not being paid because he has failed to "report" to the Temporary Reassignment Center" to which he was assigned, are false. They are not based on fact or evidence.

As confirmed by the multiple documents submitted by Plaintiff Pakter that he personally obtained from Defendant NYC DOE and the admissions by Defendant NYC DOE's Payroll Secretary Darlene Alba Hart – Plaintiff Pakter's official status is "Leave with Pay".

Plaintiff Pakter had not been assigned to any Temporary Reassignment Center for school year 2008 – 2009 or 2009 – 2010. I, personally attempted to understand why Pakter was on "Leave with Pay" pending disciplinary hearings with the Chief NYC Union Counsel, Claude Hersh, Associate General Counsel, New York State United Teachers, in early 2009. Mr. Hersh had no more of an explanation than I did; however we both knew that when a teacher in his cohort (pension plan for those who entered sevice in the early 1970's or before) reaches 40 years of service the pension payout begins to exceed the annual salary and when lack of deduction for FICA, State and City taxes are considered it is about 20% higher. Therefore, it costs a teacher who continues to work after 40 years of service at least $20,000.00 after taxes. Both Mr. Hersh and I believed that some administrator was aware of this and made the change, since had Pakter left service, his monthly check would be greater than the ones they have retained. Furthermore, Mr. Pakter's 3020-a hearings were scheduled to begin September 15, 2008, but were delayed because of some backlog until May 19, 2009, when they actually did begin. The hearings themselves are expected to continue for at least another 6 months, since they were again adjourned earlier this month and have not yet been recalendared. An arbitrator may only work for the DOE five days per month from September until June and two days each in the two summer months.

Plaintiff Pakter has been waiting for three entire years for these hearing so that he may be vindicated and demonstrate that the allegations are tempests on pinheads or less; there has been absolutely no wrongdoing on his part, and to reclaim his stellar reputation. There is also the collateral estoppel that will attach to the findings of that proceeding relative to this one.

There was no way the Plaintiff Pakter, was going to leave service without that vindication. The Defendants have done everything, however, to drive him from service so that there will be no decision and thus there will be no collateral estoppels. First the hearings were delayed and rescheduled for eight month later once this action was filed and served. Then, DOE employees were called to testify by the DOE and were compelled to make certain admissions under oath. Then Mr. Pakter's checks were ordered to be sequestered in a drawer by Defendant Judith Rivera to starve him out, end the hearings and force him to retire, thus mooting the disciplinary process and preventing an arbitral decision.

Plaintiff Pakter was never directed to "report" to a Temporary Reassignment Center for school year 2008 – 2009 or 2009 – 2010, as a condition to his receiving his salary. He was last directed to report to a facility in November of 2006.

Plaintiff Pakter has never been required to sign "time sheets" as a condition for his receiving his salary for school year 2008 – 2009 or 2009 – 2010 and indeed there have never been time sheets to support any such allegation.[1] Either Pakter's status was changed during the pendency of the very motion to prevent it being changed, or absent any changes time sheets are simply being put out for him since December 1, 2009 to justify his checks being held at Defendant Rivera's instruction since October 15, 2009.

After Plaintiff Pakter, received and reviewed the purported "evidence" by way of the sworn declaration of Defendant's counsel Martinez as to the justification for withholding of Plaintiff Pakter's duly issued paychecks, Plaintiff Pakter conducted a fact investigation from Dec. 1 – 18, 2009. Plaintiff Pakter made inquiry of the persons at the Rubber Room to which he was supposedly assigned at 125th Street and at the Regional Operations Center at 333 7th Avenue. The result of Plaintiff Pakter's investigation was that (i) the "justification" given by Defendant's counsel Martinez is not supported by the facts or by any person with knowledge, (ii) his official employment status is "Leave with Pay", (iii) he was never required to report to a Temporary Reassignment Center", (iv) he was never required to sign time sheets at any Temporary Reassignment Center for school year 2008 – 2009 or 2009 – 2010, (v) there were never time sheets for him for the school year 2008 – 2009, (vi) there were no time sheets for him for Sept. 2009, Oct. 2009 and Nov. 2009, (vii) the time sheet presented as an Exhibit to Defense counsel Martinez' Declaration is false, fabricated and was created for use in this litigation and (viii) evidence and documents continue to be destroyed and at risk of destruction.

## ADDITIONAL FACTS RE: IRREPARABLE HARM TO PLAINTIFF PAKTER

Defendant NYC DOE continues to issue and then withhold the paychecks issued to Plaintiff Pakter. To date the pay that has been withheld from Plaintiff Pakter exceeds $ 15,000. The issuance of paychecks for thousands of dollars every two weeks (rather than non-issuance of checks or notification that no checks will be issued) is prima facie evidence that Defendants conduct is improper and retaliatory. The irreparable harm being caused to Plaintiff includes (i) an effort to interfere with Plaintiff Pakter's 1st Amendment rights to speak out against Defendant NYC DOE's practices, (ii) an attempt to force Plaintiff Pakter to retire under duress, (iii) an effort to deny Plaintiff Pakter the right to complete his NY State 3020-a Hearings before the Hon. Douglas J. Bantle Esq. and to prevent him from being fully exonerated of the baseless and knowingly fraudulent and preposterous charges lodged against Pakter by the DOE, as well as clear his name and (iv) to interfere with his ability to maintain and prosecute this lawsuit. Furthermore, the unlawful withholding of Plaintiff Pakter's pay is causing an unreasonable economic stress and hardship on him and is putting irreplaceable assets (his apartment and his art collection) at risk. Plaintiff Pakter's ability to continue living in his apartment and his ability to retain his personal assets are at risk and if lost, they are irreplaceable. Plaintiff Pakter's assets are of the nature that they cannot be converted into cash on a piecemeal basis to cover the wrongfully withheld paycheck. Plaintiff Pakter's assets, by their very nature can only be sold in

---

[1] Other teachers assigned to the same Temporary Reassignment Center to which Defendnat's counsel alleges Plaintiff Pakter was reassigned have confirmed and are prepared to submit sworn declarations that there were no time sheets for Plaintiff Pakter in 2008 and no timesheets before Dec. 2009. There was no time sheet in Sept. 2009 and the one submitted by Defendant's counsel was created for purposes of this litigation; in fact it erroneously designates a school assignment that is other than the school that he has been officially and continuously assigned to for the last thirty years..

their entirety and once sold they can never again be reacquired due to their unique character and rarity. These assets include (i) Pakter's Condominium on the 27th Floor of 900 Park Ave is uniquely suited for his art and apartments of this nature rarely if ever come on the market and once sold is lost forever and cannot be reacquired and (ii) Plaintiff Pakter's private Art Collection that includes works by the French sculptor, Auguste Rodin and Paintings by the English Portrait Painter, Sir Thomas Lawrence (1769-1830) and other Objects of an Historical Nature including two thousand year old Religious Artifacts as well as a rare Collection of Holocaust era Letters and related Artifacts which are of a unique nature and cannot be sold piecemeal and cannot be replaced (iii) Pakter's 27th Floor apartment with its sweeping views doubles as his Gallery for the display and sale of his artwork; showcasing his work and his collection in this setting maximizes the reception it receives and is a unique and irreplaceable adjunct to both his personal and artistic lives. What Defendant NYC DOE is doing by wrongfully withholding his payroll checks is to subject Plaintiff Pakter to wreak havoc on his personal and artistic life and his economic affairs and in so doing subject him to the irreparable harm through the potential loss of his residence, his Gallery, his Art collection and his ability to continue as an artist as he has for the past many decades.

In accordance with Local Rule 6.3, Plaintiff Pakter requests permission to file sworn Declarations in support of these facts and in support of this Motion for Reconsideration.

## AUTHORITY

Plaintiff Pakter has already provided the Court with authority to support his request for Preliminary and Injunctive Relief. *See Dkt. #s 120, 122 & 124.* Further in response to the Court's Dec. 7, 2009 Order, Plaintiff Pakter provided the Court with additional authority related to the his claims that Defendant NYC DOE has engaged in unlawful retaliatory tactics to change his status and withhold his paychecks. *See Hochstadt Letter Dec. 17, 2009.*
In addition to that authority, Plaintiff Pakter submits that there is no credible "evidence" opposing his requested Relief. The Declaration by Defendant counsel Martinez constitutes "hearsay" and violates the Federal Rules of Evidence. *See Fed. R. Evid. Rule 602. (Defense counsel Martinez is not a witness with personal knowledge and he has not identified the persons on whom he purports to have relied in gathering his evidence), Fed. R. Evid. Rule 801 (c) (Defendant counsel Martinez' statements constitute inadmissible hearsay), See Ghosh v. New York City Dept. of Health 2006 WL 298743 (SDNY 2006) (Affidavit from Defense counsel without affidavit from client or person with knowledge is insufficient to meet burden of rebutting Plaintiff's prima facie case), Lyons Partnership, L.P. v. AAA Entertainment Inc. 1999 WL 1095608 * p. 5 (SDNY 1999) (attorney's declaration and summary of evidence is hearsay and does not fit comfortably within any of the traditional exceptions to the hearsay rule and is not an within the residual exception embodied in Fed. R. Evid. 807).*

Defendants' Counsel Martinez' Declaration and the purported facts contained therein are inadmissible. [*See Schering Corp. v. Pfizer Inc., 189 F.3d 218, 231 (2d Cir.1999) (A statement not specifically covered by Rule 803 or 804 but having equivalent circumstantial guarantees of trustworthiness, is not excluded by the hearsay rule, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence. However, a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity*

*to prepare to meet it, the proponent's intention to offer the statement and the particulars of it, including the name and address of the declarant.*]

Defense Counsel Martinez' declaration and the purported facts contained therein are also inadmissible as they are do not satisfy the five requirements of trustworthiness, materiality, probative importance, the interests of justice and notice. *See United States v. Harwood, 998 F.2d 91, 98 (2d Cir.1993) (quoting Parsons v. Honeywell, Inc., 929 F.2d 901, 907 (2d Cir.1991).*

## CONCLUSION

In view of the foregoing, I respectfully pray that the Court reconsider its Dec. 7th 2009 Order and convene an expedited evidentiary hearing regarding spoliation and preservation of evidence and a Preliminary Injunction hearing regarding the ongoing wrongful retaliation.

Respectfully submitted,

*[signature]*