

|  | THE CITY OF NEW YORK | |
|---|---|---|
| **MICHAEL A. CARDOZO** | **LAW DEPARTMENT** | **MAXWELL D. LEIGHTON** |
| *Corporation Counsel* | 100 CHURCH STREET | Assistant Corporation Counsel |
|  | NEW YORK, NY 10007 | Phone: 212-788-0407 |
|  |  | Fax: 212-788-0877 |
|  |  | E-mail: mleighto@law.nyc.gov |

March 17, 2010

**By ECF**
Honorable Roanne L. Mann
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:   Thomas, et al. v. NYC Dep't of Education, et al.
              09 Civ. 5167 (SLT)(RLM)

Dear Judge Mann:

      I am an Assistant Corporation Counsel in the Office of Michael A. Cardozo, Corporation Counsel of the City of New York, attorney for defendants in the above-referenced action. I write in response to the plaintiffs' motion for preservation and production of various documents and as directed by the Court, by Order dated March 15, 2010.

      Yesterday, March 16, 2010, defendants wrote to Judge Townes to request leave to sever Plaintiff Pakter's claims from the instant action and transfer them to the United States District Court for the Southern District of New York, in light of Plaintiff Pakter's application for individual injunctive relief in this putative class action, and because he has already made an identical application in his prior pending action, Pakter v. New York City Dep't of Educ., et al, 08 CV 7673 (DAB)(KNF), in the Southern District ("Pakter I").

      With respect to Plaintiff Pakter's motion for preservation, made contemporaneously with his application for injunctive relief, defendants are amenable to entering into a appropriate preservation order. Moreover, defendants routinely issue preservation letters, have done so in Pakter I and intend to do so in this case. In fact, contrary to plaintiffs' counsel's assertion, I advised her of our willingness to do so by e-mail to her on March 2, 2010, a copy of which is attached hereto as Exhibit "A."

Finally, defendants respectfully request a stay of discovery. On February 12, 2010, defendants sought leave from Judge Townes to move to dismiss the complaint. In light of that application, and yesterday's application for severance and transfer of Plaintiff Pakter's claims, a stay of discovery would conserve the resources of both the parties and the Court. Specifically, as to the production of documents Plaintiff Pakter seeks, such documents are germane to his prior pending action in the Southern District, to which his instant claims should be transferred. Moreover, the documents for which Plaintiff Pakter demands production include the actual paychecks withheld from him because he failed to report to work during the applicable payroll periods and continues to refuse to do so. Accordingly, for the foregoing reasons, defendants respectfully request that discovery be stayed pending disposition of the applications made to Judge Townes.

I thank the Court for its consideration of this request.

Respectfully submitted,

Maxwell D. Leighton
Assistant Corporation Counsel

cc: Joy Hochstadt (By ECF)
    Counsel for plaintiffs