**Leighton, Maxwell**

| | |
|---|---|
| **From:** | Leighton, Maxwell |
| **Sent:** | Tuesday, March 02, 2010 10:44 AM |
| **To:** | 'Joy Hochstadt, P.C.' |
| **Subject:** | RE: Thomas et al v New York City Department of Education et al 09-cv-5167 (SLT)(RLM) |

Ms. Hochstadt,

Defendants will issue a preservation letter to the DOE and relevant parties therein. Further, we are amenable to drafting a reasonable preservation order.

With respect to the remaining items for which you seek production, defendants take the position that, in light of our planned motion to dismiss, discovery should be stayed during the pendency of the motion. Upon Judge Townes granting leave to make that motion, I will write to the Court requesting such a stay.

Sincerely yours,
Maxwell D. Leighton
Assistant Corporation Counsel
New York City Law Department
Labor & Employment Law Division
100 Church Street, Room 2-169
New York, New York 10007
Phone: (212) 788-0407
Fax: (212) 788-0877 (not for service)

CONFIDENTIALITY NOTICE: This e-mail message is intended only for the person or entity to which it is addressed and may contain CONFIDENTIAL or PRIVILEGED material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. If you are the intended recipient but do not wish to receive communications through this medium, please so advise the sender immediately.

**From:** Joy Hochstadt, P.C. [mailto:joy.hochstadt.pc@gmail.com]
**Sent:** Monday, March 01, 2010 6:29 PM
**To:** Leighton, Maxwell
**Subject:** Thomas et al v New York City Department of Education et al 09-cv-5167 (SLT)(RLM)

# Dear Mr. Leighton:

# As a follow up to Judge Mann's Order from this afternoon, please confirm by return email tomorrow that Defendants will agree to:

# 1.     The entry of an evidence preservation Order with regard to documents, both hard copies and electronically

3/17/2010

stored information ("ESI") related to the W-2 issued, paychecks issued and time sheets upon which the W-2 and paychecks were issued to David Pakter;

2.      Produce copies of all documents, both hard copies and ESI, related to the issuance of the W – 2 dated January 2010 issued to David Pakter;

3.      Produce copies of all documents, both hard copies and ESI, exchanged between Lawrence Becker, Judith Rivera, Darlene Alba Hart and/or any person involved in the actions taken after the filing of this complaint pursuant to which issued payroll checks were directed to be withheld from David Pakter;

4.      Produce copies of all documents sent to Lawrence Becker, Judith Rivera, Darlene Alba Hart and/or any person in Defendant DOE's employ directing that the issued payroll checks could and should be withheld from David Pakter;

5.      Produce all documents, both hard copies and ESI, related to the time sheets (and all copies thereof) for the periods from Sept. 1st to present, upon which the payroll checks were issued and upon which the January 2010 W – 2 was issued to David Pakter;

6.      Release the following paychecks to Plaintiff Pakter:

    a.      Paycheck dated 10/15/09, Check # Q 40833726, in the gross amount of $4,168.71, net amount of $2,618.88, with deductions of $1,549.83, for the period 10/1 – 15/09 and which monies are included in and formed the basis for the payments reflected in the January 2010 W-2;

b.      Paycheck dated 10/30/09, Check # Q 40851564, in the gross amount of $4,168.71, net amount of $2,618.88, with deductions of $1,549.83, for the period 10/16 – 30/09 and which monies are included in and formed the basis for the payments reflected in the January 2010 W-2;

c.      Paycheck dated 11/16/09, Check # Q 40869737, in the gross amount of $4,168.71, net amount of $2,618.89, with deductions of $1,549.82 for the period 11/1 – 15/09, and which monies are included in and formed the basis for the payments reflected in the January 2010 W-2;

d.      Paycheck dated 11/30/09, Check # Q 40884813, in the gross amount of $4,168.71, net amount of $2,031.62, with deductions of $2,137.09, for the period 11/16-30/09 and which monies are included in and formed the basis for the payments reflected in the January 2010 W-2;

e.      Paycheck dated 12/15/09, Check # Q 40903254, in the gross amount of $833.75, net amount of $75.09, with deductions of $758.66, for the period 12/1-15/09 and which monies are included in and formed the basis for the payments reflected in the January 2010 W-2;

f.      Paycheck dated 12/30/09, Check # Q 40919543, in the gross amount of $833.75, net amount of $75.08, with deductions of $758.67, for the period 12/16-30/09 and which monies are included in and formed the basis for the payments reflected in the January 2010 W-2;

g.      Check # Q 40935504, in the gross amount of $833.75, net amount of $70.43, with deductions of

  $763.32, for the period 1/1-15/10;

  h. Check # Q 40950573, in the gross amount of $833.75, net amount of $70.42, with deductions of $763.33, for the period 1/16-30/10; and

  i. The two checks for February 2010.

Please inform me by the end of the day tomorrow March 2, 2010 of your consent to this request so that we can avoid the need for judicial intervention.  And, in the event, you wish to discuss this matter with me, feel free to call me at your convenience.

Joy Hochstadt

3/17/2010