

**UFT**
United Federation of Teachers
*A Union of Professionals*

June 27, 2008

Joel I. Klein
Chancellor
Department of Education
52 Chambers Street
New York, NY 10007

Dear Chancellor Klein,

This letter will confirm certain mutual understandings and agreements between the Board of Education of the City School District of the City of New York (the "DOE") and the United Federation of Teachers ("UFT").

*Temporary Reassignment Centers ("TRCs")*

Effective immediately, the letter the DOE provides to each UFT-represented employee ("Employee") to inform the Employee that he or she has be reassigned to a TRC will indicate the general grounds for each reassignment (where an Employee is being investigated by the Office of the Special Commissioner of Investigation ("SCI"), just that information will be supplied). The DOE will provide all currently reassigned Employees who have not been arrested or charged under Education Law § 3020-a with written confirmation of the general grounds for the reassignment.

Effective with the end of 2007-08 school year, where a UFT-represented employee is reassigned, the amount of time for the Office of Special Investigations ("OSI") to conduct an investigation shall be 90 days; the amount of time to transfer criminal cases to the Administrative Trials Unit ("ATU") shall be 30 days; and the amount of time for the DOE to draft Education Law § 3020-a charges shall be 40 days. The DOE will diligently attempt to comply with these timeframes. The preceding two sentences shall not be enforceable through either the grievance processes set forth in the relevant collective bargaining agreements or any other legal mechanism. Each year, a labor-management committee composed, in equal parts, of UFT and DOE representatives shall meet to discuss whether these time frames are being complied with and, if not, to agree on further actions to be taken with respect to the time frames. This paragraph shall not constitute a waiver of any other rights an Employee may have.

52 Broadway, New York, NY 10004  p. 212.777.7500  www.uft.org

Officers: Randi Weingarten President, Michael Mendel Secretary, Mel Aaronson Treasurer, Robert Astrowsky Assistant Secretary, Mona Romain Assistant Treasurer
Vice Presidents: Carmen Alvarez, Michelle Bodden, Richard Farkas, Aminda Gentile, Michael Mulgrew, Frank Volpicella

The DOE has identified a unit within the Division of Human Resources that will be responsible for managing and tracking all reassignment cases, ensuring that all reassignments are made consistent with applicable policy, and working with the other DOE offices involved to make sure that the process is accelerated based on, among others, the initiatives set forth in this letter. This unit will be making regular quarterly reports that will be shared with the UFT.

Absent unusual circumstances, effective immediately, allegations being investigated by principals will not result in an Employee being removed from his or her school.

The DOE has conducted a central review of all investigations of currently reassigned Employees conducted by principals and, where appropriate, reassigned Employees back to their schools.

Any reassignments that are not authorized by the Office of Personnel Investigation or OSI will be reviewed by central DOE. The DOE will consult with the UFT within a week to explain this review process and seek to improve it. The DOE will provide the UFT with regular listings of reassigned pedagogues, no less frequently than on a weekly basis, and if the UFT disagrees with any reassignment decisions it can present its objections for consideration to the Office of Labor Relations. Should a principal reassign an Employee without proper approval pursuant to the central DOE process, the central DOE shall return the Employee to the school from which the Employee was reassigned and the principal's school-based budget shall be charged for the salary the Employee earned while reassigned (the agreement contained in this sentence shall not be a mandatory subject of bargaining).

Wherever possible, Employees reassigned to a TRC will be reassigned in the borough in which such Employee works. Employees who wish to perform duties or activities while assigned to a TRC shall be permitted to do so, with the proposed duty or activity subject to the appropriate supervisor's approval. This paragraph shall not be construed as a modification to Chancellor's Regulation C-770.

The DOE will review issues raised by the UFT with respect to the TRC facilities and work space provided to reassigned Employees. In order to help ensure a safe working environment, the UFT and DOE will work together to develop a facilities protocol for building concerns consistent with the Public Employee Safety and Health Act.

The DOE will continue to submit cases through the expedited time and attendance procedures if the DOE deems the particular case appropriate for that procedure. The DOE will evaluate cases of tenured Employees receiving unsatisfactory rating(s) for poor performance and, where it deems it appropriate, will refer the case to PIP Plus.

The disciplinary process should never be used to retaliate against whistleblowers or for any other illegal reasons. All employees who make a knowingly false allegation shall be subject to discipline, but decisions relating to the imposition of such discipline on non-UFT bargaining unit members shall not be subject to the grievance processes set forth in the relevant collective bargaining agreements.

The UFT and the DOE are committed to exploring innovative settlement approaches that would permit the parties to Education Law § 3020-a proceedings to reach settlement in a greater number of cases brought under Education Law § 3020-a.

*Education Law § 3020-a Hearing Procedures*

The UFT and the DOE, in addition to those agreements set forth in the relevant collective bargaining agreements, have also agreed to the following Education Law § 3020-a hearing procedures:

The permanent arbitration panel provided for in Article 21(G)(2) of the Collective Bargaining Agreement governing Teachers (and the corresponding provisions in the other UFT-DOE collective bargaining agreements) will be expanded from 20 panel members to 23 panel members. A sub-panel of up to 14 individual arbitrators on the permanent arbitration panel will hear cases based predominantly on charges of incompetence (the actual number of arbitrators hearing cases based predominantly on charges of incompetence, up to 14, being determined by the DOE in consultation with the UFT). Arbitrators selected for the permanent panel will be randomly assigned to the sub-panel on a rotational basis each year prior to the deadline for both parties to mutually agree to have arbitrators serve on the permanent panel for an additional one-year term. A labor-management committee composed, in equal parts, of UFT and DOE representatives shall meet as needed to discuss any issues regarding the 3020-a panel or process.

The UFT and DOE will jointly explore the feasibility of expediting the receipt of Education Law § 3020-a hearing transcripts by the UFT and DOE jointly paying the court reporters' fees and then seeking reimbursement from the New York State Education Department.

Without waiver or limitation of any other materials and information that the respondent Employee ("Respondent") is entitled to under Education Law §3020-a and the relevant collective bargaining agreements ("Discovery"), or the timing for providing such other Discovery, at least one week prior to the Pre-Hearing Conference, the DOE's attorney will supply the Respondent (or Respondent's attorney) with the following:

a. Copies of all letters in the Respondent's personnel file(s) related to the Education Law § 3020-a charges;
b. Copies of the final report regarding the investigation conducted by either the Special Commissioner of Investigations ("SCI"), the Office of Special Investigations ("OSI") or by a principal; and
c. Copies of all witness statements related to the charges in the DOE's possession at that time. (The DOE will diligently attempt to obtain all witness statements prior to providing copies to Respondent or Respondent's attorney pursuant to this provision "c" though failure to do so will not be grounds for exclusion of evidence from an Education Law § 3020-a hearing.)

Without waiver or limitation of any other materials and information that the DOE may be entitled to from Respondent, or the timing for providing such other Discovery, at least one week prior to the Pre-Hearing Conference, the Respondent (or Respondent's attorney) will provide a witness list to the DOE's attorney if the Respondent (or Respondent's attorney) has possession of such. Otherwise, a witness list will be provided to the DOE's attorney by Respondent (or Respondent's attorney) whenever practicable one week prior to the presentation of Respondent's defense.

This letter shall not constitute a waiver of either the Respondent's or the DOE's right to object to the admissibility of documents obtained in the regular course of discovery pursuant to the Education Law and/or the relevant collective bargaining agreements.

In addition to any other obligations the DOE may have to preserve potential Discovery material, at the time the DOE prefers Education Law § 3020-a charges against an Employee, the Office of Legal Services will send a letter to the relevant principal or school leader requiring the principal or school leader to direct all DOE employees and agents under his/her supervision to preserve (i) any relevant records related to students who may be called to testify and (ii) all relevant class rosters.

At the Pre-Hearing Conference, the DOE's attorney and the Respondent (or Respondent's attorney), along with the Hearing Officer, will attempt to: (i) pre-mark exhibits; (ii) stipulate to any facts which are not in dispute; and (iii) stipulate to the admission of any documents to which there is not a dispute about admissibility.

Every effort should be made for a Respondent to attend the Pre-Hearing Conference as well as for the DOE to have a person available who has authority to approve a settlement of the case.

The DOE will provide the student records for testifying students to the Hearing Officer for in camera inspection by the Hearing Officer prior to the hearing date at which the student testifies. It will continue to be the Hearing Officer's decision, within the requirements of Education Law § 3020-a and the relevant collective bargaining agreements, as to whether, and when, these student records are provided to Respondent or Respondent's attorney. This provision remains subject to the Family Educational Rights and Privacy Act.

The UFT and the DOE shall jointly hold meetings with the Hearing Officers and instruct them with respect to the applicable time limitations in Education Law § 3020-a and the relevant collective bargaining agreements.

*Contract Arbitrations*

The 140 arbitration dates that are permitted to be scheduled per year for all UFT grievances shall be increased to 175.

The UFT agrees principals may testify at arbitrations by telephone subject to the following conditions: (i) the principal may not look at any written material or be aided by anyone in the room during his/her testimony except as authorized or directed by the arbitrator; (ii) the principal may not be joined in the room by anyone without notifying the arbitrator, all parties and their representatives; (iii) the UFT district representative, or the UFT district representative's designee, may be present in the room with the principal; and (iv) the principal's testimony shall still be under oath. The sole role of the UFT district representative, or the UFT district representative's designee, shall be to verify the principal's compliance with these conditions; the UFT district representative or designee may not participate in the proceedings except to notify the arbitrator and/or the parties' representatives if he or she believes these conditions are being violated. The UFT district representative, or the UFT district representative's designee, shall not be released from his/her classroom responsibilities for this purpose. Nothing in this agreement

shall in any way limit the right of the UFT arbitration advocate to cross-examine the principal. If the arbitrator orders the principal to testify or be cross-examined in person, the principal shall not be allowed to testify or be cross-examined by telephone.

Nothing in this agreement shall in any way limit the currently existing rights of Employees to attend arbitrations.

The use of the 175 days will be governed in all respects by the rules in the relevant collective bargaining agreements governing the use of the 140 arbitration days, including, but not limited to, rules that exclude certain arbitrations from the 140 day limit. Pursuant to the procedures set forth in Article 22C of the collective bargaining agreement governing teachers (and corresponding provisions of other UFT-DOE collective bargaining agreements) for the selection of arbitrators, the number of arbitrators hearing arbitrations may be increased from seven.

Sincerely,

Randi Weingarten
President
United Federation of Teachers


Agreed and Accepted By:

_____   _____
Joel I. Klein                Date
Chancellor
Board of Education of the City School
District of the City of New York