09 CV 5167 (SLT)(RLM)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MARIE ANNE THOMAS, et al.,

                                                  Plaintiffs,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION, et al.,

                                                  Defendants.

## DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS

**MICHAEL A. CARDOZO**
*Corporation Counsel of the City of New York*
Attorney for Defendants
100 Church Street, Room 2-169
New York, NY 10007-2601

*Of Counsel:* Maxwell D. Leighton
*Tel:* (212) 788-0407
mleighto@law.nyc.gov

Law Dep't No. 2009-044637

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS ........................................................................................................ 2

ARGUMENT .............................................................................................................................. 4

    POINT I ............................................................................................................................. 4

        PLAINTIFFS' OPPOSITION IMPROPERLY
        INCLUDES ALLEGATIONS OUTSIDE THEIR
        COMPLAINT THAT MUST BE EXCLUDED ........................................ 4

    POINT II ........................................................................................................................... 5

        THE DECLARATION OF PLAINTIFFS'
        COUNSEL MUST BE STRICKEN ........................................................... 5

    POINT III .......................................................................................................................... 6

        PLAINTIFFS' CLAIMS FAIL TO STATE A
        CAUSE OF ACTION. ................................................................................ 6

            A.   Equal Protection and Due Process ..................................................... 8

            B.   Plaintiffs' First Amendment Claim .................................................... 9

            C.   Mootness ............................................................................................ 9

CONCLUSION ......................................................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**                                                                                                   **Pages**

<u>Adams v. New York State Educ. Dep't</u>,
    No. 08-5996, 2010 U.S. Dist. LEXIS 15635 (S.D.N.Y. Feb. 23, 2010)........................9

<u>Anti-Monopoly, Inc. v. Hasbro, Inc.</u>,
    958 F. Supp. 895, 907 n.11 (S.D.N.Y. 1997).................................................................8

<u>Brass v. American Film Techs., Inc</u>,
    987 F.2d 142, 150 (2d Cir. 1993) .................................................................................5

<u>Roemer v. Bd. of Educ.</u>,
    290 F. Supp. 2d 329 (E.D.N.Y. 2003)..........................................................................8

<u>Saunders v. Dep't of Educ.</u>,
    No. 07-2725, 2010 U.S. Dist. LEXIS 71500 (E.D.N.Y. Jul. 15, 2010).......................8

<u>U.S. v. Int'l Longshoremen's Ass'n</u>,
    518 F. Supp. 2d 422, 451-52 (E.D.N.Y. 2007) ............................................................5

**Statutes**

New York Education Law § 2590-j...............................................................................................7

New York Education Law § 3020(4).............................................................................................7

New York Education Law § 3020-a...............................................................................................2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

MARIE ANNE THOMAS, et al.,

                                      Plaintiffs,

           -against-                         09 CV 5167 (SLT)(RLM)

NEW YORK CITY DEPARTMENT OF EDUCATION, et al.,

                                      Defendants.

------------------------------------------------------------------ x

## DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS

### PRELIMINARY STATEMENT

       Defendants submit this reply memorandum of law in further support of their motion to dismiss the complaint for failure to state a cause of action. In opposition, plaintiffs improperly attempt to amplify their pleading with new factual allegations and exhibits not contained in or annexed to the complaint, including an attorney's declaration replete with factual material. The Court should exclude from its consideration any material that is outside the complaint and should strike the declaration of plaintiff's counsel.

       Plaintiffs do not dispute that their putative class action is a facial challenge to the constitutionality of various New York Education Law provisions. Yet, rather than responding to the legal arguments made in defendants' motion to dismiss, plaintiffs' opposition dwells on what plaintiffs' describe as the myths about Department of Education ("DOE") temporary reassignment centers ("TRCs"), individual teachers' experiences in the TRCs, and plaintiffs' critique of an April 15, 2010 agreement between the DOE and the teachers' union which eliminated the TRCs ("April 15th Agreement" or "Agreement").

Pursuant to Education Law § 3020-a, teachers facing disciplinary charges are entitled to an evidentiary hearing. Plaintiffs fail to identify, given that hearing, how any due process rights have been violated. Plaintiffs do not respond to defendants' assertion that a teacher's reassignment from his teaching duties, with no interruption in pay or benefits, triggers no due process implications. Plaintiffs' opposition papers make only general conclusory statements concerning their supposed class claim of First Amendment retaliation, and admits that no protected speech is alleged in their complaint. In a section containing numerous extraneous allegations, plaintiffs only speculate on the future efficacy of the April 15th Agreement that renders moot substantially most of plaintiffs' claims for relief. Finally, plaintiffs' papers make no response to defendants' motion to dismiss their equal protection claim, which should be deemed abandoned and dismissed.

Accordingly, the complaint should be dismissed.

## STATEMENT OF FACTS[1]

Plaintiffs are, or formerly were, tenured teachers employed by DOE, all of whom were reassigned to a TRC, pending disciplinary charges and a § 3020-a disciplinary hearing. See Complaint, a copy of which is annexed as Exhibit "A" to the Declaration of Maxwell Leighton, dated April 30, 2010 ("Leighton Decl."), ¶ 10.

Plaintiffs allege that DOE's reassignment of teachers awaiting disciplinary charges or pending their § 3020-a disciplinary hearings to TRCs, also termed "rubber rooms," violated plaintiffs' due process rights and constitutes unlawful discipline. See Complaint,

---

[1] The facts set forth in the complaint are deemed true only for the purposes of the motion to dismiss. Therefore, this statement of facts is derived from the complaint and defendants neither admit nor deny those allegations.

2

¶ "20." Plaintiffs further allege that the State Legislature's amendment of the New York State Education Law to treat New York City differently from the rest of the state violates DOE teachers' rights to due process and equal protection. Id., ¶¶ "58," "59." Plaintiffs additionally allege that their right to free speech has been infringed, both by virtue of being placed in TRCs, as well as alleging that such placement constituted retaliation for plaintiffs' exercise of their free speech rights. Id., ¶¶ "78" – "83."

In the April 15th Agreement, the DOE and the United Federation of Teachers ("UFT"), plaintiffs' collective bargaining representative, agreed that

> [t]he long delays that have arisen in the current process of investigating alleged acts of misconduct and adjudicating charges pursuant to Education Law § 3020-a benefit neither the DOE nor the employees represented by the UFT. The DOE and the UFT are committed to ensuring that the agreements reached here will be carried out so that those delays will be ended and the process outlined in the law, the contracts between the parties, and this Agreement will be adhered to.

A copy of the Agreement is annexed to the Leighton Decl., as Exhibit "B." By this Agreement, the DOE and UFT set forth, *inter alia*, that teachers who, prior to August 31, 2010, were assigned to TRCs or charged pursuant to Education Law § 3020-a shall, effective the first day of the 2010-2011 school year, be reassigned to an Administrative Office assignment or an Administrative School assignment or suspended with pay, if permitted under the Agreement. The DOE and UFT further agreed that for all employees charged prior to August 31, 2010, their § 3020-a hearing and decision will be completed by December 31, 2010. See id. at 8.

The DOE and UFT also agreed that, effective September 1, 2010, with limited exceptions, DOE shall prefer disciplinary charges against a teacher within 60 days of

reassignment or suspension for a misconduct case, and within 10 days of reassignment for an incompetence case. See Agreement, at 2-3. Moreover, the Agreement sets forth that, within 10-15 days of DOE's receipt of an employee's request for a § 3020-a hearing, a pre-hearing conference shall be held, and that, with extremely limited exceptions, the § 3020-a hearing must be completed within 60 days of the pre-hearing conference, and a decision rendered within 30 days of the final hearing date. See id. at 4-5.

## ARGUMENT

### POINT I

### PLAINTIFFS' OPPOSITION IMPROPERLY INCLUDES ALLEGATIONS OUTSIDE THEIR COMPLAINT THAT MUST BE EXCLUDED

Plaintiffs' opposition papers are replete with factual and hearsay allegations not contained within the complaint. Among other things, plaintiffs' memorandum of law ("Plaintiffs' Memo") contains allegations (1) concerning individuals who are not plaintiffs in this matter (see Plaintiffs' Memo at 3, 5-7), (2) regarding the plaintiffs that are neither pleaded nor implied within the complaint (id. at 2, 6-8), and (3) relating to individuals or events that are outside the allegations contained in their complaint (see, e.g., id. at 12 n. 8). For the reasons stated in Point II, defendants move to strike the declaration of plaintiff's attorney. That declaration also sets forth allegations of fact and hearsay, and annexes exhibits, that are outside the complaint.

All of this extraneous material is impermissible for consideration on defendants' motion to dismiss. It is well-established that

> in resolving a 12(b)(6) motion the district court's "consideration is limited to the factual allegations in

4

> [plaintiff's complaint], which are accepted as true, to documents attached to the complaint as an exhibit or incorporated by reference, to matters of which judicial notice may be taken, or to documents either in plaintiff['s] possession or of which plaintiff[] had knowledge and relied on in bringing suit.

U.S. v. Int'l Longshoremen's Ass'n, 518 F. Supp. 2d 422, 451-52 (E.D.N.Y. 2007) (quoting Brass v. American Film Techs., Inc, 987 F.2d 142, 150 (2d Cir. 1993).

The Court must exclude the extraneous material plaintiffs have submitted, which not only is improper on a motion to dismiss, but much of which is grounded in hearsay. If the Court considers any material outside the plaintiffs' pleading, thereby mandating conversion to a motion for summary judgment pursuant to Rule 12(d), defendants respectfully request the opportunity to submit additional material appropriate for a summary judgment motion.

## POINT II

### THE DECLARATION OF PLAINTIFFS' COUNSEL MUST BE STRICKEN

Plaintiff's counsel, a former DOE employee assigned to the TRC, has submitted her own declaration in support of plaintiffs' opposition, setting forth alleged facts which she claims "others are equally cognizant and could be called to testify or be deposed." Declaration of Joy Hochstadt ("Hochstadt Decl."), ¶ 2. This is improper, should not be countenanced by the Court, and the Hochstadt Decl. must be stricken.

Disciplinary Rule 5-102 provides that "a lawyer shall not act . . . as an advocate on issues of fact before any tribunal if the lawyer knows or it is obvious that the lawyer ought to

be called as a witness on a significant issue on behalf of the client . . . ."[2]  The Hochstadt Decl., despite its admitted attempt to evade this rule, nevertheless sets forth allegations of fact within counsel's knowledge.  Among other things, plaintiffs' counsel relates conversations she claims to have had, over the phone and in person, with other individuals, as well as supposed statements made by others, that she witnessed or somehow learned.  See, e.g., Hochstadt Decl., ¶¶ "3," "8," "10" – "17."  Most of the declaration's statements are hearsay or personal opinions and, as this matter concerns plaintiffs' facial challenge to the Education Law, are irrelevant in any event.

Plaintiffs' counsel's proffer of her own declaration riddled with irrelevant hearsay, opinions allegedly stemming from her own knowledge and observations, and speculation would be highly improper at any stage of the litigation.  It clearly is impermissible in response to defendants' motion for dismissal of plaintiffs' facial challenge, a motion dealing solely with the legal sufficiency of claims raised in plaintiffs' complaint.  Accordingly, the declaration and annexed exhibits submitted by plaintiffs' counsel must be stricken.

### POINT III

### PLAINTIFFS' CLAIMS FAIL TO STATE A CAUSE OF ACTION.

In their memorandum of law, plaintiffs state that

> [t]his matter challenges the way a very specific law, NYS Ed. L. § 3020-a, which very strongly protects the due process rights of tenured public school teachers to maintain their property and liberty

---

[2] Effective April 1, 2009, New York replaced its reliance on the American Bar Association's Model Code of Responsibility with the New York Rules of Professional Conduct.  Within the new framework, Rule 3.7(a) concerns the "lawyer-witness" prohibition, and while similar to DR 5-102(A), replaces the phrase "the lawyer knows or it is obvious that the lawyer ought to be called as a witness" with the phrase "the lawyer is likely to be a witness."

> interests in their instructional positions, for which they are specifically certified by NYS, has been amended with regard to NYC teachers only.

Plaintiffs' Memo, at 1.

Plaintiffs thus challenge the State Legislature's enactment of Education Law § 3020, allowing the DOE and the UFT to contractually agree to alternative disciplinary procedures. Framing that challenge, plaintiffs' complaint contends that the legislative enactment violates their due process and equal protection rights. Plaintiffs further assert that the reassignment of teachers to TRCs also violates their due process rights and, moreover, contend that such reassignment violated teachers' rights to free speech.

Responding to defendants' motion, plaintiffs' memorandum of law eschews legal analysis, and fails to respond to the basis for defendants' motion. Instead, plaintiffs rail against and attempt to debunk a litany of irrelevant "myths" that plaintiffs claim are held by the public about teachers assigned to the TRCs. Plaintiffs further contend that teachers deserve greater constitutional protections than security guards and other tenured public employees who lack advanced educational degrees. Clearly, such a distinction is elitist and unwarranted.

One of the few legal points that plaintiffs make is patently incorrect. Plaintiffs claim that Education Law § 2590-j(7)(b), authorizing a DOE school's community superintendent to initiate disciplinary charges, was not enacted until August, 2006. That section existed when § 2590-j was enacted, in 1969, and has continued in force to present. Since then, a single inconsequential amendment to § 2590-j(7) was made in 1998, through New York Laws of 1998, (ch 385, § 6), a copy of which is annexed hereto, for the Court's convenience, as Appendix "A."

7

A.  **Equal Protection and Due Process**

With respect to plaintiffs' equal protection claim, their opposition papers make no response to defendants' motion on that point. Accordingly, that claim should be deemed abandoned and dismissed. See Anti-Monopoly, Inc. v. Hasbro, Inc., 958 F. Supp. 895, 907 n.11 (S.D.N.Y. 1997) ("[F]ailure to provide argument on a point at issue constitutes abandonment of the issue . . . provides an independent basis for dismissal."), aff'd, 130 F.3d 1101 (2d Cir. 1997).

Plaintiffs make no valid response to defendants' motion to dismiss their due process claim. Such claim is meritless because a teacher's reassignment to the TRC does not implicate any property interest and because the evidentiary hearings afforded to teachers, held pursuant to Education Law § 3020-a, provide notice of the disciplinary charges and an opportunity to be heard. Plaintiffs do not dispute that teachers facing disciplinary charges are afforded an evidentiary hearing and counsel, and the right to cross-examine witnesses, to introduce evidence, and to testify on their own behalf, nor do they dispute the essential elements of due process — notice and the opportunity to be heard.

Plaintiffs' opposition papers claim in conclusory, albeit verbose, terms that the statute allowing the DOE and UFT to collectively bargain for an alternative disciplinary procedure violates their due process rights, but fail to allege, much less establish, any violation. Plaintiffs assert that the procedure, by which the § 3020-a hearing officer is assigned from a panel agreed upon between the DOE and UFT, violates their due process rights. In a recent decision, Saunders v. Dep't of Educ., No. 07-2725, 2010 U.S. Dist. LEXIS 71500, at *47 n.8 (E.D.N.Y. Jul. 15, 2010), the Court dismissed that claim, relying on Roemer v. Bd. of Educ., 290 F. Supp. 2d 329 (E.D.N.Y. 2003), aff'd 150 Fed. App'x 38, 40 (2d Cir. 2005) ("We summarily

reject Roemer's facial challenge to New York Education Law section 3020-a."). See also Adams v. New York State Educ. Dep't, No. 08-5996, 2010 U.S. Dist. LEXIS 15635, at *102 n.36 (S.D.N.Y. Feb. 23, 2010)("[I]t is well established that the disciplinary procedures outlined in § 3020-a provide more than adequate procedural safeguards to satisfy the plaintiff[s'] due process rights under the Fourteenth Amendment.")(quotations omitted)). The lead plaintiff in Adams is Twana Adams, the putative class member described in note 2 of Plaintiffs' Memo.

**B.     Plaintiffs' First Amendment Claim**

Plaintiffs admit that their complaint lacks any allegations of protected speech. As this Court has made clear, because no individual claims should be litigated in this putative class action, plaintiffs' request for leave to amend their complaint, to include allegations of protected speech, should be denied as futile.

**C.     Mootness**

The DOE and the UFT's April 15th Agreement renders moot many of plaintiffs' claims for relief. Plaintiffs' opposition papers only speculate on the future effectiveness of this Agreement, critiquing the DOE's and UFT's ability to meet the goals set forth therein, like accelerating the timeframe for hearings, closing all TRCs, and placing teachers formerly assigned to TRCs in offices or schools to perform administrative work. Plaintiffs' concerns about the wisdom, effectiveness and implementation of the April 15th Agreement should be addressed to the UFT, not to this Court. Plaintiffs' claims, seeking substantially similar relief, should be dismissed as moot. Indeed, the April 15th Agreement highlights the intendment of Education Law § 3020, allowing the DOE and UFT to collectively bargain, discuss, and refine the procedures they use to effect the disciplinary process.

9

## CONCLUSION

For the reasons set forth above and in defendants' supporting memorandum of law, defendants respectfully request that the Court issue an order granting their motion to dismiss, dismissing the complaint in its entirety with prejudice, entering judgment for defendants, and granting defendants costs, fees, and disbursements together with such other and further relief as this Court may deem just and proper.

Dated:    New York, New York
          July 27, 2010

                                        **MICHAEL A. CARDOZO**
                                        Corporation Counsel of the
                                          City of New York
                                        Attorney for Defendants
                                        100 Church Street, Room 2-169
                                        New York, New York 10007-2601
                                        (212) 788-0407
                                        mleighto@law.nyc.gov

                            By:  _____
                                        Maxwell D. Leighton
                                        Assistant Corporation Counsel

Kathleen M. Comfrey
Maxwell D. Leighton
    Of Counsel

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

MARIE ANNE THOMAS, et al.,

                                       Plaintiffs,        **DECLARATION OF**
                                                                   **MAXWELL D. LEIGHTON**
             -against-

NEW YORK CITY DEP'T OF EDUCATION, et al.,        09 CV 5167 (SLT)(RLM)

                                        Defendants.

------------------------------------------------------------------- x

        **MAXWELL D. LEIGHTON** declares, pursuant to 28 U.S.C. § 1746 and subject to the penalties of perjury, that the following is true and correct:

        1.     I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, attorney for the defendants in this action.

        2.     On July 27, 2010, I served the foregoing Defendants' ReplyMemorandum of Law in Further Support of Their Motion to Dismiss, upon the attorney for plaintiffs by depositing a copy of the same, enclosed in a first class post paid properly addressed wrapper in a USPS post office/official depository in the Borough of Manhattan, City of New York, directed to:

        Joy Hochstadt, Esq.
        300 Central Park West, Suite 2E
        New York, New York 10024

being the address within the State theretofore designated for that purpose.

Dated:     New York, New York
             July 27, 2010

                                                                          _____
                                                                          MAXWELL D. LEIGHTON