UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
MARIE ANNE THOMAS, et al.,

                                **Plaintiffs,**                    **MEMORANDUM**
                                                                    **AND ORDER**

       **-against-**

                                                        **09-CV-5167 (SLT)**
NEW YORK CITY DEPARTMENT
OF EDUCATION, et al.,

                                **Defendants.**
------------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

Defendants New York City Department of Education ("DOE") and four DOE executives and directors (collectively, "defendants") have moved to stay all discovery pending the District Court's resolution of their motion to dismiss the complaint. See Motion to Stay Discovery Pending Defendants' Motion to Dismiss (Mar. 17, 2010) ("Motion to Stay"), ECF Docket Entry ("D.E.") #33; Second Motion to Stay Discovery Pending Defendants' Motion to Dismiss (July 12, 2010) ("Renewed Motion to Stay"), D.E. #54. No objections to the motions to stay have been filed and the Court deems the motions unopposed. See Endorsed Order (July 13, 2010) ("7/13/10 Order"), D.E. #55 (setting a deadline of July 16, 2010 for responding to the Second Motion to Stay). For the reasons discussed below, the motions to stay discovery are granted.

## BACKGROUND

On November 24, 2009, plaintiffs Marie Ann Thomas, Leverett Holmes, Josefina Cruz, Brian Salazar, David Pakter, and Paul Santucci (collectively "plaintiffs") brought this

class action against the DOE and four DOE executives and directors on behalf of themselves

and similarly situated New York City public school teachers who were brought up on so-called

"3020-a disciplinary charges" and assigned to Teacher Reassignment Centers (commonly

referred to as "Rubber Rooms"). See Complaint at 1. Plaintiffs seek declaratory and

injunctive relief, as well as compensatory and punitive damages. See id. at 26-29. Plaintiffs

assert their claims under the Due Process and Equal Protection Clauses of the Fourteenth

Amendment and the Free Speech Clause of the First Amendment to the United States

Constitution. See id. ¶¶ 1-3. Plaintiffs also invoke the New York State Constitution's Due

Process, Equal Protection, and Free Speech Clauses; common law contractual rights; and 42

U.S.C. § 1983. See id. ¶¶ 86-115. The Equal Protection claim alleges that New York City

teachers are subjected to differential treatment, in that public school teachers employed in New

York State but outside New York City are never assigned to Rubber Rooms. See id. ¶¶ 70-76.

The Due Process claims- appear to be both procedural and substantive in nature, in that

plaintiffs challenge the allegedly inadequate review procedures for the disciplinary charges

underlying assignment to the Rubber Rooms, as well as the allegedly draconian punishment of

having to report daily to the Rubber Rooms. See id. Plaintiffs' First Amendment claims

allege that defendants took disciplinary action and assigned plaintiffs to the Rubber Rooms as

retaliation for plaintiffs' speech protesting defendants' "illegal acts of creating false reports and

covering up other wrongdoing in their school . . . ." Id. ¶¶ 77-85. Finally, the common law

contract claim alleges that the DOE breached its contractual obligations to members of the

United Federation of Teachers ("UFT"), as embodied in an agreement executed on June 27,

2008.  See id. ¶¶ 111-115.

On February 12, 2010, defendants requested a pre-motion conference before Judge Sandra L. Townes and permission to move to dismiss the complaint for failure to state a cause of action and on collateral estoppel grounds.  See Letter Motion for Pre-Motion Conference (Feb. 12, 2010), D.E. #16.  On March 16, 2010, defendants filed a letter-motion to sever plaintiff David Pakter ("Pakter") from the instant action and to transfer his claims to a similar case brought by Pakter in the Southern District of New York.  See Motion to Sever (Mar. 16, 2010), D.E. #32.  Thereafter, defendants filed with the undersigned magistrate judge their first motion to stay discovery pending the resolution of the motion to dismiss and the motion to sever.  See Motion to Stay, D.E. #33.  After Pakter's Southern District claims were dismissed with prejudice, defendants supplemented their initial Motion to Stay to include a request to dismiss Pakter's claims on res judicata grounds.  See Supplemental Motion to Stay (Mar. 24, 2010), D.E. #37.  In a letter to Judge Townes dated March 24, 2010, plaintiffs opposed defendants' request for permission to move to dismiss and sever; in passing, plaintiffs complained that "justice delayed is justice denied," and urged the District Court "not [to] allow the Defense to delay further."  Letter to Judge Townes from Joy Hochstadt (entitled "Opposition to Sever, Consolidate, or Dismiss") (Mar. 24, 2010) at 2, 3, D.E. #38.  Plaintiffs did not, however, formally respond to the motion to stay pending before this Court.

At an initial conference held on May 12, 2010, this Court deferred ruling on the Motion to Stay.  See Minute Order (May 12, 2010), D.E. #43.  To assist the Court in resolving that motion, the Court ordered the parties to submit courtesy copies of their briefs on

the motion to dismiss as they became available, as well as copies of plaintiffs' discovery

demands and defendants' responses thereto.  See id.  Plaintiffs' interrogatories and requests for

document production were filed on June 11, 2010.  See D.E.#s 46-49.  On July 12, 2010,

defendants filed their objections to plaintiffs' discovery requests, see Defendants' Response to

Discovery Requests (July 12, 2010), D.E. #53, and renewed their request to stay discovery

during the pendency of their motion to dismiss.  See Renewed Motion to Stay, D.E. #54.

Although this Court set a deadline of July 16, 2010 for plaintiffs to respond to the Renewed

Motion to Stay, see 7/13/10 Order, D.E. #55, no response has ever been filed.

## DISCUSSION

"[T]he power to stay proceedings is incidental to the power inherent in every court to

control the disposition of the causes on its docket with economy of time and effort for itself,

for counsel, and for litigants."  Landis v. N. Am. Co., 299 U.S. 248, 254 (1936).  This power

has been codified in Rule 26(c) of the Federal Rules of Civil Procedure, pursuant to which "a

court has discretion to stay discovery 'for good cause shown.'"  Spencer Trask Software &

Info. Servs, LLC v. RPost Int'l Ltd., 206 F.R.D. 367, 368 (S.D.N.Y. 2002).   The party

seeking the stay bears the burden of showing good cause.  See Fantastic Graphics, Inc. v.

Hutchinson, No. 09-CV-2514(LDW)(ETB), 2010 WL 475309, at *3 (E.D.N.Y. Feb. 8,

2010); Freund v. Weinstein, No. CV-2008-1469 FB MDG, 2009 WL 2045530, at *1

(E.D.N.Y. July 8, 2009); Weitzner v. Sciton, Inc., No. CV 2005-2533(SLT)(MDG), 2006

WL 3827422, at *1 (E.D.N.Y. Dec. 27, 2006).

The pendency of a dispositive motion is not, without more, grounds for an automatic

stay.  See, e.g., Weitzner, 2006 WL 3827422, at *1; Hollins v. U.S. Tennis Ass'n, 469

F.Supp.2d 67, 78 (E.D.N.Y. 2006).  Rather, "a case-by-case analysis is required, since such

an inquiry is necessarily fact-specific and depends on the particular circumstances and posture

of each case." Hachette Distrib., Inc. v. Hudson County News Co., 136 F.R.D. 356, 358

(E.D.N.Y. 1991).  In addition to taking into account the nature and complexity of the

particular case, courts consider the following factors in determining whether a stay is

appropriate:  "(1) whether the defendant has made a strong showing that the plaintiff's claim is

unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk

of unfair prejudice to the party opposing the stay." Rivera v. Inc. Vill. of Farmingdale, No.

CV 06-2613(DRH)(ARL), 2007 WL 3047089, at *1 (E.D.N.Y. Oct. 17, 2007) (citation

omitted).  Having considered the circumstances of this case, this Court concludes that

defendants have met their burden of establishing good cause for a stay of discovery.

     With respect to the first factor, defendants have made a strong showing that at least

some of plaintiffs' claims lack merit.  See Rivera, 2007 WL 3047089, at *1.  With regard to

the First Amendment claim, for example, plaintiffs have all but conceded that the pleading, as

currently drafted, fails to adequately state a cause of action; they have requested leave to

amend the complaint to add parties and a factual basis for this claim.  See Plaintiffs' Reply to

Defense Motion to Dismiss (June 28, 2010) ("Plaintiff's 6/28/10 Reply") at 11, D.E. #60.

Additionally, it is likely that at least some of plaintiffs' claims for relief have been rendered

moot by an agreement entered into this past spring by the DOE and UFT, granting relief

substantially similar to the equitable relief sought by plaintiffs in their complaint and essentially

doing away with the Rubber Rooms.  See DOE/ UFT Agreement (Apr. 15, 2010), D.E. #59-
2.  Even if defendants' motion to dismiss is granted only in part, such a ruling will narrow and
clarify the scope of the issues in this litigation, and will impact this Court's decision on
defendants' objections to the discovery requests.  Thus, the first factor weighs in favor of
granting the motion for a stay.

Turning to the second factor (the breadth of discovery and the burden of responding to
discovery demands), defendants argue that "[p]laintiffs' demands are [] overly broad and
unduly burdensome, requiring exploration through countless files over a fifteen-year period for
information that plainly has no bearing on the issues before this Court."  Renewed Motion to
Stay at 1, D.E. #54.  In particular, defendants cite plaintiffs' demand for the following
documents:

> [F]or teachers for whom observation reports played a part in their specifications or
> 3020-a hearings[,] all observation reports by the same supervisor, for all teachers, at
> the same school, for each supervisor making observation reports of the disciplined
> teacher, in the same year; all teacher complaints to EEOC, NYSDHR, NYCCHR, since
> 1998; [and] all agreements, correspondence, meeting notes, minutes, memoranda,
> emails, exchanged between UFT officials, executives and executive committee
> members and the DOE for the past 10 years.

Renewed Motion to Stay at 1-2 (quoting Plaintiffs' Amended First Set of Document Demands
(June 11, 2010) ¶¶ 3, 7, 9, D.E. #49).

The Court has reviewed plaintiffs' wide-ranging requests for document production and
interrogatories.  See D.E. #46-#49.  Without ruling on defendants' specific objections to
plaintiffs' discovery demands, the Court concurs that the demands are extremely broad and that
the burden of responding is great.  Therefore, this factor weighs heavily in favor of the stay.

Turning to "the risk of unfair prejudice to the party opposing the stay[,]" see Rivera,

2007 WL 3047089, at *1, the motion remains unopposed, and thus no prejudice has been

identified.  See 7/13/10 Order, D.E. #55 (setting a deadline of July 16, 2010 for responding to

the Renewed Motion to Stay).  Furthermore, any arguable prejudice has been removed or

ameliorated by the April 15th agreement between the DOE and UFT, which, among other

things, eliminated Rubber Rooms. Accordingly, this factor weighs in favor of the stay.

Finally, much of the discovery sought by plaintiffs bears little relevance to the claims as

currently pled.  For example, despite the fact that the complaint contains no race-based claim,

plaintiffs demand discovery regarding racial classifications.  See Plaintiffs'Amended

Interrogatories (June 11, 2010) ¶¶ 1-2, 4-5, 12-13, D.E. #48 (six of plaintiffs' nineteen

interrogatories seek information related to race).  During the initial conference, plaintiffs

expressed their desire to amend their pleading to include, among other things, a race-based

Equal Protection claim.[1]  In responding to the defense motion to dismiss, plaintiffs sought

leave to amend the pleadings, this time in reference to their First Amendment claim.  See

Plaintiffs' 6/28/10 Reply at 11, D.E. #60.  The claims in this case can thus be characterized as

a moving target.  Until the motion to dismiss is decided, and the status of the claims resolved,

this Court is in no position to evaluate the discovery requests and objections thereto.

Thus, on balance, the relevant factors and the specific circumstances of this case weigh

in favor of staying discovery pending the outcome of defendants' motion to dismiss.

## CONCLUSION

For the foregoing reasons, the Court, in its discretion, grants defendants' request for a

---

[1]  This Court deferred setting a deadline for amending the pleadings until after the defense
motion to dismiss is resolved.

stay of discovery pending resolution of their motion to dismiss the complaint.

Any objections to the ruling contained in this Memorandum and Order must be filed with Judge Townes on or before October 1, 2010.  Failure to file objections in a timely manner may waive a right to appeal the District Court order.

**SO ORDERED:**

**Dated:     Brooklyn, New York**
**September 14, 2010**

**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**