> *The application of plaintiff Josefina Cruz, directly to the Court and not through her counsel of record, is granted in part: any plaintiff desiring to retain new counsel shall have that attorney file a substitution of counsel by October 25, 2010, and incoming counsel shall have until October 27, 2010 to move to reopen the time to object to, or move for reconsideration of, this Court's Order of September 14, 2010, staying discovery.*
>
> **SO ORDERED**
> /s/ Roanne L. Mann
> U.S. Magistrate Judge
> Dated: 10/1/10

**RECEIVED**
In Chambers of:
U.S. Magistrate Judge
ROANNE L. MANN
OCT 01 2010

VIA FAX (718) 613-2355

Hon. Roanne L. Mann USMJ
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   Thomas et al v New York City Department of Education et al
      09-cv-5167 (SLT)(RLM)

Hon. Judge Mann:

I am one of the named plaintiffs in this action. A copy of this letter is being sent to the counsel of record, Mrs. Hochstadt.

I have just learned of the Court's September 14, 2010 Order staying discovery (Document 63).

I write to respectfully request that Your Honor give me and the other named plaintiffs an extension of time within which to file our objections to Your Honor's Order.

What has become apparent, in reading Your Honor's Order, is that the counsel of record for me, the other named plaintiffs and the proposed class, filed inadequate pleadings and/or did not file papers in a timely fashion. As a result, it appears that my claim, the claim of other named plaintiffs and the claims of the proposed class have suffered and are being prejudiced.

I realize that Defendants oppose the Complaint. And, I also understand that it is not the Court's job to help us. We believed our named counsel was competent to handle this case. It now appears that we may have erred.

I beg the Court not to penalize plaintiffs based on the present record to date, including the lack of timely filings or opposition by our lawyer of record– Ms. Hochstadt - to Defendants' Motion to Stay, the apparent and perhaps erroneous admissions by Ms. Hochstadt regarding the First Amendment allegations, the "wide-ranging" and "extremely broad" requests for document production and interrogatories that Ms. Hochstadt served, and how based on all that Ms. Hochstadt has done so far the claims in this case have become "a moving target".

I believe limited discovery at this time is appropriate. I also believe that limited or properly focused discovery (rather than what was actually served by Ms. Hochstadt) would be helpful to the Court in considering the merits of Defendants' Motion to Dismiss and our opposition thereto. I also believe that limited and focused discovery would not be burdensome to Defendants, would be beneficial to the Court and would therefore satisfy some of the Court's considerations as noted in the September 14, 2010 Order.

I wish to inform the Court that neither I nor any of the named plaintiffs (or active class members) to my knowledge were informed by Ms. Hochstadt that she was not going to oppose the Motion to Stay and we were not informed by Ms. Hochstadt of the Order. I learned of the Order because I am in the process of having to remove Ms. Hochstadt as my lawyer in a NY State Supreme Court action and my proposed incoming attorney saw this Order in this case.

I can also represent to the Court that this conduct of Ms. Hochstadt in this case, is not unique to this case. It appears to be a chronic problem that has occurred in cases of other named plaintiffs and other class members, with claims pending in this Court, in the District Court for the Southern District of New York, in New York State Supreme Court and in certain administrative hearings.

Ms. Hochstadt herself has filed papers in this and other Courts describing office and medical issues that appear to regularly interfere with her ability to discharge her duties to certain of her clients.

Ms. Hochstadt is a nice person, who has a good heart. However, even by her own admission to other judges, she is a newcomer to the legal profession and is at times unable to handle the workload.

Because of this, some of the other named plaintiffs and other proposed class members and I have contacted new counsel who we intend to substitute in for Ms. Hochstadt.

However, we could not get a new lawyer or firm in to this case in time to respond and file objections by the date of October 1, 2010 set by Your Honor in the September 14, 2010 Order.

Therefore, in the interest of justice and fairness, on my individual behalf and on behalf of certain of the other named plaintiffs and other class members, I pray that the Court give us a 1-month extension (until November 1, 2010) by which to substitute in new counsel for Ms. Hochstadt and/or to file opposition to the September 14, 2010 Order as *pro se* litigants.

Thank you for the Court's indulgence and consideration.

Respectfully,

*[signature]*

Josefina Cruz

cc:     Hon. Sandra L. Townes
        Maxwell Leighton Esq.
        Joy Hochstadt Esq.
        Other Named Plaintiffs