> Although the docket entry for this submission characterizes it as a "First Motion for Extension of Time," the letter itself is informational only and does not request any relief. If construed as a motion for additional time for plaintiffs' counsel to object to this Court's 9/14/10 M&O, the motion is denied, as no good cause has been shown. SO ORDERED.
> /s/ Roanne L. Mann
> U.S. Magistrate Judge
> Dated 10/4/10

**Joy Hochstadt, P.C.**
**Attorneys at Law**
**300 Central Park West**
**New York, NY 10024**

October 1, 2010

The Honorable Sandra L. Townes
United States District Judge
The Honorable Roanne L Mann
United State Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
New York, New York 11201

Re: <u>Thomas et al v. Dep't of Educ. et al</u>, (SLT)(RLM)

Dear Judges Townes and Mann:

  I was sent a disturbing letter addressed to Your Honor, Judge Mann, from one of my (former?[1]) clients this morning, that was authored by Josefina Cruz, and attacked me for not responding today to the Motion to Stay Discovery until the Motion to Dismiss was resolved.

  No doubt Dr. Cruz is frustrated that the legal standards have been so high that she, has to date, gotten no relief, only postponements at best and appeals for her claims. She has reargument pending in New York State Supreme Court for her Article 75 special proceeding; her claims in an ADEA case were not considered as one of the Plaintiffs in <u>Friedline et al v NYC Dept. of Ed et al</u> (SDNY) because at the time of the trial she had not received a decision from the Ed. L. 3020-a procedures (I had nothing to do with the case–in fact I was on the payroll of the DOE until a week before the trial began). The request for reconsideration as a *pro se* was also not considered even though she had received her 3020-a decision, because the decision fired her and only the Article 75 route is usually accepted to overcome *res judicata* and *collateral estoppel* of the arbitration award. The Second Circuit where she was also *pro se* affirmed the decision of the trial court. I commend her in that she has also petitioned *pro se* for a Writ of Certiorari in the Supreme Court of the United States, presenting the questions: When is an administrative proceeding part of the claims instead of part of the potential relief? How long is long enough to have exhausted administrative remedies (when she was in the rubber room for two years and three months at the time of the trial)? *Inter alia?*

  Even though I am a member of the Supreme Court bar, I was not interested in developing her petition. Frankly, I did not see the questions presented at the moment she approached me, and for this I take full responsibility. Then there recently came a time mid-September when I was scheduled to argue two motions at the same time before two Justices, actually in the same Courthouse on the same wing of the same floor and I was going to arrange with the two

---

[1] Dr. Cruz had only informed me that she wanted Vincent P. White to represent her in her State Court "Article 75" (is has yet to be converted to that–she file a summons with notice as a *pro se*)

deputies/clerks to do it. Dr. Cruz asked if she could have Vincent P. White argue that motion; I was delighted, because I am in discussion with his law firm to assist with my burgeoning caseload in a strategic alliance "of counsel" and "referral" relationships or other collaboration. As it turned out the reargument on her matter was adjourned and returned to the Justice who had first heard it.

It is this very frustration by good teachers who have been wronged by the policies and practices of the Klein Chancellorship of the Department of Education, now solely under the Mayor, with no School Board to modulate the "hell bent" assault on tenure, that caused me to bring this action.

My error, however, was to include several of my present clients as putative class representatives. In fact, I almost did not include Dr. Cruz because of her tentativeness upon hearing about this matter. I should have realized that both the defense would attack those choices, and because of the difficulty of upsetting Ed. L. 3020-a decisions, via Article 75 actions, those earlier clients too, could become impatient and even perhaps desperate as their lives have been set on end by the unwarranted conduct, of the Defendants in this case. For that naivete, too I take full responsibility.

It is unfortunate that Dr. Cruz has chosen not communicate with me in the last almost three weeks; it is unfortunate that another of the named putative class representatives whom I was offering room and board to, when he became homeless, betrayed my trust by retrieving and misusing a debit card of mine. It is unfortunate that I also had to offer room and board to another homeless victim of 3020-a, a putative class member; the Courts are the last resort to the minions of the dedicated teachers whose lives have been set asunder solely because of their age, salary level, and tenure which was supposed to protect them not target them–that is why we are before Your Honors.

While with twenty proceedings anticipated or pending against the DOE, some with discovery completed, and with extensive discovery in my own several cases that DOE settled with a very sizeable settlement award (settled a year ago but the award came through seven months ago), the superficial discovery that DOE will turn over voluntarily, is not probably anything I do not already have; the battle over the necessary discovery is one that can be delayed or one that I was not going to win at this time.

However, with a deleterious letter directly to Court, I had to respond. The Court is very wise to let this play out. This letter was written to respectfully request the Court to grant time for me to consult with as many class members and named class representatives to ascertain what discovery they wished, to see if I had what they wanted and to consult with Mr. Leighton what he would give, given Dr. Cruz letter. The request is moot now that Dr. Cruz letter has been responded to by the Court.

However, there is more than meets the eye in Dr. Cruz action. Dr. Cruz has no access to PACER; Vincent P. White and I discussed this, this morning; he never discussed this matter with her whatsoever; he never provided her with the prior Order. My PACER account has been misused by someone (I shall change it). I will consult my own ethics counsel as to how to handle this matter of an unauthorized contact by former counsel to several of my clients (now disbarred) preying on these teachers to forward his own agenda for losing 160 disaster clients (he was disqualified from

representing the disaster clients years before he was even disbarred two years ago but was still "running the show" via a Florida attorney he would have appear *pro hac vice)* until May 2010 when the clients all rejected the Florida attorney in favor of my representation.

Respectfully submitted,

/s/
_____

Joy Hochstadt (0935)
