UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MARIE ANNE THOMAS, et al.,

                        Plaintiffs,           **ORDER**

          -against-                          09-CV-5167 (SLT)

NEW YORK CITY DEPARTMENT OF
EDUCATION, et al.,

                        Defendants.
------------------------------------------------------------x

      The Court addresses the ongoing dispute between plaintiffs' counsel Joy Hochstadt and plaintiffs Josefina Cruz, Anna-Maria Thomas, and Paul Santucci. In a letter dated October 21, 2010, Ms. Cruz, Ms. Thomas, and Mr. Santucci described their attempts to obtain new counsel, suggested that they would proceed *pro se* if unable to do so, and alleged that Ms. Hochstadt was refusing "to cooperate . . . in the substitution of counsel and the orderly transfer of representation." Letter from plaintiffs Josefina Cruz, Anna-Maria Thomas and Paul Santucci, E.C.F. Docket Entry ("D.E.") #68. This Court granted a final extension, to November 15, 2010, of the pending deadline to file objections to the Court's September 14, 2010 Memorandum and Order staying discovery. See Endorsed Order (Oct. 22, 2010), D.E. #68; Memorandum and Order (Sept. 14, 2010), D.E. #63. In light of the allegations against Ms. Hochstadt, which she denies, see First Motion for Extension of Time to File (Oct. 1 2010), D.E. #65, the Court directed Ms. Cruz, Ms. Thomas and Mr. Santucci to submit for *in camera* inspection the "inappropriate emails" referred to by plaintiffs. Id. Ms. Cruz did so in a hand-delivered submission on October 28, 2010.

      As they have indicated they no longer wish to have Ms. Hochstadt represent them in this matter, Ms. Cruz, Ms. Thomas, and Mr. Santucci are to be considered *pro se* unless and

until another attorney enters an appearance on their behalf. Should Ms. Cruz, Ms. Thomas, and Mr. Santucci require copies of records from the files maintained by Ms. Hochstadt, they (or their attorneys, if applicable) shall be permitted access to the applicable records in order to photocopy them. Any other party wishing to arrange substitute counsel or to proceed *pro se* should inform the Court in writing, with a copy to their attorney of record.

This Order does not affect Ms. Hochstadt's representation of clients in any other case before any other court; should any party wish to arrange substitute counsel in any other case before any other court, that party must apply to the court in question. Similarly, should Ms. Hochstadt wish to withdraw as counsel in any other case before any other court, she must apply to the court in question.

Given the pending motion to dismiss, see Notice of Motion to Dismiss the Complaint (July 27, 2010), D.E. #57, this Court need not yet rule on whether or not Ms. Hochstadt was discharged for "good cause" or, in turn, whether she may impose a charging lien on any recovery. See Melnick v. Press, No, 06-CV-6686 (JFB)(ARL), 2009 WL 2824586, at *2 (E.D.N.Y. Aug. 28, 2009) (discussing the enforcement of charging liens after counsel has been discharged).

The Clerk is directed to enter this Order into the ECF system and to mail copies to *pro se* plaintiffs Cruz, Thomas and Santucci.

    **SO ORDERED.**

Dated:    Brooklyn, New York
            October 29, 2010

                                        ROANNE L. MANN
                                        UNITED STATES MAGISTRATE JUDGE