UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
**MARIE ANNE THOMAS, et al.,**

                Plaintiffs,         **MEMORANDUM AND ORDER**

       -against-                          09-CV-5167 (SLT)

**NEW YORK CITY DEPARTMENT OF
EDUCATION, et al.,**

                **Defendants.**
------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

      The Court is in receipt of a letter-request dated November 11, 2010 (but not docketed until November 16, 2010), from Joy Hochstadt, Esq. (the attorney who initiated this action), requesting that the Court's November 1st "Order of Disqualification be vacated and [her] motion to [w]ithdraw with respect to named plaintiffs Thomas, Cruz and Santucci be granted." Letter to the Court from Joy Hochstadt (docketed Nov. 16, 2010) ("Hochstadt Letter") at 1, ECF Docket Entry ("DE") #70. The motion to vacate is denied, although the docket entry will be modified to the extent indicated below.

      Ms. Hochstadt objects to the "pejorative implication of misconduct" conveyed by the Court's "disqualification" order. Hochstadt Letter at 1. However, a review of the November 1st document, entitled "ORDER," reveals that the Order merely provided that inasmuch as plaintiffs Cruz, Thomas and Santucci "have indicated they no longer wish to have Ms. Hochstadt represent them in this matter, [those three plaintiffs] are to be considered *pro se* unless and until another attorney enters an appearance on their behalf." Order (Nov. 1, 2010)

at 1-2, DE #69 (citing Letter dated October 21, 2010, from Plaintiffs Cruz, Thomas and Santucci, DE #68).  The Court expressly declined to rule on "whether or not Ms. Hochstadt was discharged for 'good cause' . . . ." Id. at 2.  The Court did not, therefore, "disqualify" Ms. Hochstadt, but instead granted the request of the three moving plaintiffs to recognize that she no longer was authorized to represent them in this action.

Any confusion as to the nature of the Court's ruling arises from the docket entries corresponding to the three plaintiffs' October 21st letter-request and the Court's November 1st ruling.  In entering the letter-request into the ECF system, the Clerk's Office inartfully characterized the document as a "Motion to Disqualify Counsel."  See 11/1/10 Docket Entry.  When the Court granted the plaintiffs' request to proceed without Ms. Hochstadt as their attorney, the electronic filing system automatically designated the ruling as an "ORDER granting [] Motion to Disqualify Counsel . . . ." See 11/1/10 Docket Entry, DE #69.  The Court hereby directs the Clerk's Office to modify the docket entries (but not the attached documents) to clarify the nature of the letter-request and corresponding ruling.

Ms. Hochstadt should not, however, view this as vindication of her claim that she engaged in no misconduct.  See Hochstadt Letter at 1.  Ms. Hochstadt's latest letter to the Court, which takes aim at Josefina Cruz, her former client and continuing plaintiff, as well as at other counsel for Dr. Cruz, constitutes an unnecessary and inappropriate attempt to impugn their integrity before the Court and, at a minimum, evidences very poor judgment on Ms.

Hochstadt's part.[1]  That said, she has not been "disqualified" from representing those plaintiffs who desire to have her continue as their counsel.[2]

       SO ORDERED.

Dated:    Brooklyn, New York
            November 16, 2010

                                             ROANNE L. MANN
                                             UNITED STATES MAGISTRATE JUDGE

---

[1]  She even pits one former client, Paul Santucci, against Dr. Cruz.  See Declaration of Paul Santucci (Nov. 15, 2010), DE #70-1.  To the extent that Mr. Santucci has again changed his mind about having Ms. Hochstadt represent him, and is prepared to adhere to that decision, he should arrange to have her file a new notice of appearance on his behalf.

[2]  Ms. Hochstadt erroneously suggests that attorney Ambrose Wotorson has been retained to represent plaintiff Marie Anne Thomas.  See Hochstadt Letter at 5.  However, as revealed in the emails that Ms. Hochstadt attached to her letter, Mr. Ambrose is representing Dr. Thomas in an ADEA action, not in this case.  See DE 70-7.