*Joy Hochstadt, P.C.*
*Attorney at Law*
*300 Central Park West*
*Suite 2E*
*New York, NY 10024*

December 16, 2010

The Honorable Sandra L. Townes, USDJ
The Honorable Roanne L. Mann, USMJ
for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Thomas *et al* v Dep't of Education *et al* 09-5167 (SLT)(RLM)
        Request for premotion conference or leave to demand report II

Dear Judges Townes and Mann:

      This communication is a continuation of my submission Monday. Since the June 27, 2008 DOE-UFT agreement was incorporated into the April 15, 2010 Agreement between the UFT-DOE, by incorporation, my motion should include a more definite statement about compliance to the provisions of the 2008 agreement as well.  The electronic format in which I have the 2008 agreement is not annotatable, the requested information re: compliance to that 2008 MOA is therefore submitted as a separate document.  I therefore make my requests ¶ by ¶ for a more definite statement of compliance.

      As I prepared the instant submission, I received by ECF Mr. Leighton's objection and characterizations in his letter to Your Honor.

      I am shocked at Mr. Leighton's response and especially his posture; he is usually a polite and reasoned professional.  Mr. Leighton's fully briefed a motion to dismiss on two premises.

      1. The the City of New York did not have to even justify by the most minimal rational basis the statutory changes including the vagueness of the change in the NY Ed. L. §3020 statute providing that the CBA (whatever it said) would supplant all the guarantees of due process in the § 3020-a statute. It was the largest school system and that was sufficient, while it remained applicable to every other school district in the state.

      2. Any procedural unevenness and delay, including the demoralizing detention in the TRC's aka Rubber Rooms which caused attestations (in other proceedings) of physical health harm to three of the six named plaintiffs and serious emotional sequellae to almost all class members and to five of the six named plaintiffs (the sixth was coerced to resign by his NYSUT counsel who reported to

him that the arbitrator who had been assigned to his fired everyone[1]), Mr. Leighton assured the Court was moot because the UFT and the DOE had signed an agreement on April 15, 2010 which would make all the conditions and delays moot by December 31, 2010.

Now Mr. Leighton having asserted in July 2010 what would be implemented between September 1, 2010, and December 1, 2010 and would make the branches of the Action that he would not even address because being NYC is rational basis enough, is most disappointed that the Court has not already dismissed this Action in August on his word alone.[2]

Those assertions, made for what was to occur in the future and unattested to by anyone in the Defense organization, must be reported on to the Court before the extent of their mootness can be judged by this Court. The assertions were that a complex agreement incorporating another complex agreement (the latter of which was executed two years before Mr. Leighton asserted that the later agreement would make the plaintiffs claims moot–when the earlier one had not been implemented one iota in the two years).

Despite this, Mr. Leighton finds my motion for a more definite statement to be frivolous[3] and to be a surreply, albeit five months after the motion was fully submitted.

Finally, I attach another document (also docket # 61-3) which demonstrates how the DOE coerces the UFT into agreements that are inimical to a minority, but a minority still entitled to the defense of their due process and equal protection rights. In the two final paragraphs of an appendix to the discipline portion of the CBA, it is observed that the DOE agreed to certain conditions that the UFT deemed important, but then went on to specify that the already agreed upon clauses would not be implemented until the change/amendment to 3020 was in force, and that the UFT must support the legislation as a prerequisite for getting the provisions to which the DOE had already agreed.

---

[1] Two teachers that Eleanor Glanstein, Esq did not fire in recent years were one who was *pro se* (the union had ordered all NYSUT counsel to withdraw in the Spring of 2008 from plaintiffs in the Teachers4Action v. Bloomberg *et al* case) who had opened a case against hearing officer Glanstein before the disciplinary committee and one other who had spent over $60,000.00 hiring Leeds, Morelli and Brown (who had won a huge vedict in Farb v Baldwin Schools in this District, but is being appealed by both sides). Both respondents in that case and putative class members were given 6 months suspensions both after Plaintiff Salazar resigned under duress. There was not one arbitrator who even took the matter of counsel withdrawal mid hearings on advisement, and all other T4A educators mid trial including putative class representative Santucci and Plaintiff Cruz were indeed unrepresented and fired by other arbitrators for not defending themselves but reiterating repeatedly that they required assistance of counsel).

[2] I only have caught Mr. Leighton once in a *Amalfitano* assertion but I did not pursue it at the time because, I believed it was due to, too liberally adapting previous arguments of other ACC's and though negligent for not reading the case before he cited its ruling to be opposite from what he purported it to be. I did not then believe he intentionally mis-cited a case.

[3] He further cites that a Magistrate Judge has recommended to a District Judge that I should be sanctioned steeply for the "frivolous" claims of 13th Amendment violations on behalf of African-American educators required to report each day for years to be detained for 7 hours per day in the horrific rubber rooms which compromised the mental and physical health of 5/6 of the named plaintiffs and probably a larger % of the putative plaintiff class.

**Principal: Joy Hochstadt, PhD., JD, Dipl. Amer. Bd. Clin. Chem.,     Telephone  212 580 9930     Facsimile: 212 580 9322**
**Admitted: Federal & State Bars of NJ & NY, 2nd Circuit & the U.S. Supreme Court     e-mail  joy.hochstadt.pc@gmail.com**

                                        Respectfully submitted,

                                        */s/ Joy Hochstadt*

cc.  Maxwell Leighton, Esq. (by ECF)
     Dr. Josefina Cruz         ( "    " )
     Dr. Anna Maria Thomas (by e-mail)