Mitchell Rubinstein - 3020-a UFT CBA

# APPENDIX C ARTICLE 21 F 3020-a PROCEDURES ROTATIONAL PANEL

As discussed and agreed upon, all parties would be served better by the implementation of a permanent arbitration panel. The panel members must be agreeable to both sides, however, if the parties cannot agree to a full complement of 20 panel members, additional impartial arbitrators shall be selected by the parties in accordance with the American Arbitration Association (AAA) procedures (strike and rank method) from list(s) provided by the AAA until the desired number (20) is reached to establish such permanent panel.

Panel members shall serve for a maximum of a one-year term. At the expiration of such term, the parties must agree to have arbitrators continue to serve on the panel, and if not replacement members will be selected by the method outlined above. Removal prior to the end of the one-year term must be for good and sufficient cause upon mutual agreement of the parties. Any arbitrator who agrees to serve on the rotational panel must agree to the following terms:

- Each arbitrator selected to serve on this rotational panel must agree to provide five (5) consecutive hearing dates per month for the months of September through June and 2 hearing dates for the months of July and August. Consecutive days may be construed to mean five (5) dates within two (2) weeks unless otherwise agreed.

- Arbitrators must provide three (3) dates, within ten (10) to fifteen (15) calendar days from the date a case was assigned to him or her, for a pre- hearing conference. One of the dates shall be at 9:00 a.m. Advocates must accept one (1) of the three (3) dates offered or it will be assumed that the date or dates offered at 9:00 a.m. is (or are) acceptable. Said dates must be in compliance with Education Law Section 3020-a (within 10 to 15 days from the date selected to serve).

- At the pre-hearing conference, arbitrators must provide and parties must accept five (5) consecutive hearing dates within the statutory timeframe as delineated in Education Law Section 3020-a. Consecutive days may be construed to mean five (5) dates within two (2) weeks unless mutually agreed.

- The parties are committed to having these cases heard in an expeditious manner. For this reason, absent extraordinary circumstances, arbitrators are not to adjourn hearing dates. It should be noted that normally attorney or party scheduling conflicts are not extraordinary circumstances.

- In all cases, as delineated in Education Law Section 3020-a the final hearing shall be completed no later than 60 days from the pre-hearing conference and the written decision must be rendered within 30 days from the final hearing date.

- There is a presumption that charges against the same employee will be consolidated unless the arbitrator finds that to do so would deny a fair hearing. Additionally, in routine matters, any motions must be made and responded to orally. Thereafter, a decision shall be rendered on the issue the same date the motion was made. Should the arbitrator find that written motion practice is necessary, either party reserves the right to respond orally but, in no case, shall motion practice take place outside the scope of the timelines as outlined in Education Law, Section 3020-a.

Failure to abide by these rules shall be "good and sufficient" grounds for removal of an arbitrator.

Mitchell Rubinstein - 3020-a UFT CBA

### EXPEDITED HEARINGS

Prior to the pre-hearing conference, the Board shall determine whether the nature of the case would permit offering Respondent expedited arbitration rather than regular arbitration of the case. If the Respondent accepts the offer of expedited arbitration, the hearing shall proceed in accordance with the expedited procedure set forth below and the Board may not seek a penalty to exceed six (6) months or the equivalent monetary penalty. Should the Respondent reject the offer of expedited arbitration, the case shall proceed in accordance with the regular arbitration proceeding and the board may seek any penalty including termination.

Where the offer of expedited arbitration was rejected, the arbitrator (or the arbitration panel) shall not be informed of the offer of expedited arbitration nor that the offer was rejected.

Cases heard under the expedited arbitration procedure shall be completed in three (3) consecutive days. Each advocate shall be provided equal time to present his or her respective case. Cross-examination usually will not go beyond the scope or duration of the direct examination.

During the course of the hearings, should the evidence reveal more serious misconduct than originally charged, the arbitrator, upon his or her initiative, or upon the Board"s motion, is empowered for good cause to end the expedited proceeding and order a new, regular arbitration proceeding before a different arbitrator. At the regular arbitration, the Board may seek any penalty including termination. Upon a showing of unavailability during the regular arbitration, the prior record of a completed witness who testified in the expedited arbitration shall be admissible.

### INVESTIGATIONS

Where the Board conducts an investigation of an employee and the employee has been reassigned to administrative duties pending the outcome of such investigation, the parties agree that the employee will be restored to service no later than 6 months from the date of his or her removal unless 3020-a charges have been preferred against the employee. Should the employee be restored to service, this event does not preclude the Board from subsequently preferring 3020-a charges against the employee. If charges are preferred, the employee shall remain reassigned, at the Board"s discretion, pending the outcome of the disciplinary process. This requirement to restore an employee to service after 6 months does not include investigations conducted by the Special Commissioner of Investigation or investigations that are related to criminal prosecutions.

### SERIOUS MISCONDUCT

The parties agree that certain types of alleged misconduct are so serious that the employee should be suspended without pay pending the outcome of disciplinary process. Serious misconduct shall be defined as actions that would constitute:

- the felony sale, possession, or use of marijuana, a controlled substance, or a precursor of a controlled substance or drug paraphernalia as defined in Article 220 or 221 of the Penal Law, or

- any crime involving physical or sexual abuse of a minor or student,

- any felony committed either on school property or while in the performance of teaching duties, or

- any felony involving firearms as defined in Article 265 of the Penal Law.

If an employee is accused of committing serious misconduct, the employee shall be removed from

payroll for a term not to exceed two (2) months after a finding by the "probable cause arbitrator" that there is probable cause to believe that the actions alleged were committed by the employee and that they constitute "serious misconduct" as defined above. Probable cause exists when evidence or information which appears reliable discloses facts or circumstances making it likely that such conduct occurred and that such person committed the conduct. To establish probable cause, the investigator assigned to the matter must be present and testify under oath before the arbitrator. The Board may also be required to produce signed statements from the victim or witnesses, if any. Thereafter, the respondent shall have an opportunity to respond orally to the offer of proof. The arbitrator may ask relevant questions or may make further inquiry at the request of Respondent. The hearing shall not require testimony of witnesses nor shall cross-examination be permitted.

Said probable cause hearing usually shall not exceed one half of a hearing day.

One arbitrator, agreed to by both parties, shall be assigned to hear all probable cause matters for a period of one year. If the parties cannot agree upon one arbitrator, each party shall select one arbitrator who together will select the probable cause arbitrator.

Should the Board meet its burden of establishing probable cause of serious misconduct, the employee shall remain suspended without pay during the pendency of the disciplinary action, but in no event shall such period exceed two months except as set forth herein.

The parties expect that these cases shall be completed within two (2) months. However, where it is not possible to complete the hearing within the two (2) month period despite the best efforts of all parties, and where the arbitrator believes that the evidence already presented tends to support the charges of serious misconduct, the arbitrator may extend the period of suspension without pay for up to thirty (30) days in order to complete the proceedings.

If the Respondent requests not to have the case proceed for a period of thirty (30) days or more and that request is granted, during the period of this adjournment, the Respondent shall remain in non-paid status. As noted above, however, the parties are committed to having these cases heard in an expeditious manner. For this reason, absent extraordinary circumstances, arbitrators are not to adjourn hearing dates.

While suspended without pay pending the arbitration hearing on serious misconduct charges, the Respondent may continue his or her existing health coverage, except that no event shall the Respondent be entitled to continue his or her existing health coverage for more than six (6) months while on non-paid status except at the absolute discretion of the Chancellor. In the event that the Respondent is exonerated of all serious misconduct charges, the employee shall be restored to his or her position and be entitled to receive back pay and be made whole for the amount of time he or she remained off payroll. In the event that the arbitrator finds the employee guilty of the serious misconduct and imposes a penalty less than termination, the arbitrator shall decide whether and to what extent a reinstated employee shall be entitled to receive any back pay for the time the employee was suspended without pay.

The parties agree that these types of cases shall receive the highest priority, and, upon the Board''s request, hearings may be held on such matters during any days previously committed by a rotational panel to other employees, as set forth above. In other words, hearings for serious misconduct take precedence over other disciplinary matters, and the Board may require adjourning other cases previously scheduled before the assigned arbitrator during that time frame in order for that arbitrator to hear serious misconduct cases within the two-month time frame.

DISCOVERY PROCEDURES

To effectuate the purpose of the statute, the parties agree that Education Law Section 3020-a authorizes the following in advance of the hearing:

Both sides will exchange witness lists, witness statements, and physical evidence (e.g., photographs) at least before the presentation of their direct case and earlier upon motion to the arbitrator.

The Respondent shall receive copies of investigatory statements, notes, other exculpatory evidence, and relevant student records after and subject to in camera review.

The Board shall receive evidence and documents from the respondent upon a showing during the hearing that it is relevant.

Additionally, if the case has stemmed from an investigation conducted by the Special Commissioner of Investigation (SCI), the Board will provide the entire SCI file to Respondent, including exculpatory evidence, during the discovery phase of the 3020-a hearing unless such infolll1ation is privileged. Failure to do so shall form the basis of such evidence being precluded from introduction in the 3020-a proceedings. This provision remains subject to the Family Educational Rights and Privacy Act.

INCOMPETENCE CASES

The parties agree that in the spirit of progressive discipline, rather than necessarily charge an employee with incompetence, an employee, who receives an unsatisfactory rating for the first time, may be offered the opportunity to enroll in the Peer Intervention Program (PIP) for a term of one year. Refusal to enter the PIP program is admissible in any future disciplinary proceedings.

The parties further agree that during the first school term of the intervention, no formal observations will be made. During the second school term, although the employee will still be in the PIP, the administration is free to conduct observations and to rate the employee accordingly. Since the end-of-year rating will be based on these observations, a minimum of two (2) observations shall be conducted during the second school term. PIP may not be invoked by the employee once the disciplinary process has commenced.

ATTORNEY TEAMS

Each Board attorney will be paired with a union attorney for four (4) consecutive cases. Should one case settle, another case between the same attorneys shall be substituted for the case settled in an effort to utilize the dates set by the parties with the arbitrator.

The above terms shall be followed in conjunction with the already established terms of the current law under the New York State Education Law, Section 3020-a. The parties agree to support legislation jointly to amend Section 3020 of the Education Law to provide that the procedures incorporated in the parties collective bargaining agreement, shall constitute binding alternative disciplinary procedures without written election by UFT-represented employees covered by 3020-a.

The expedited procedures negotiated by the parties for class size and reorganization grievances shall not be implemented until the above amendment to Section 3020 of the Education Law is enacted.