

RECEIVED
JAN 25 2011
CHAMBERS OF
JUDGE MARRERO

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/25/11

**Joy Hochstadt, P.C.**
*Attorneys at Law*
*300 Central Park West*
*New York, New York 10024*

January 25, 2011

**Adams et al v NYSED et al** 08-cv-5996 (VM)(AJP)
Request for extension until February 14, 2011

**By Fax: 212-805-6382**
The Honorable Victor Marrero
United States District Judge
Daniel P. Moynihan Federal Courthouse
500 Pearl Street
New York, New York 10007

Dear Judge Marrero:

I am extremely appreciative of Your Honor's Court in extending the time in which I could oppose the Report and Recommendations of His Honor Judge Peck, however exigencies have arisen which require me to request a further extension to February 14, 2011.

The first, is endemic to my particular practice in which I represent more teachers who retain me (often without any payment or promise of a payment as they have just learned they have lost their jobs, have been suspended without pay for a long period of time, or have been fined in an amount they cannot manage) to challenge the arbitral award of a 3020-a decision, than likely any other practitioner. The 3020-a law requires that a respondent-educator in a 3020-a proceeding, file a petition in NYS Supreme Court to challenge the arbitration, no later than the <u>tenth day</u> after receipt of the arbitral decision. Further, the petition must be served on Corporation Counsel no later than 15 days after the 10 day statutory time limitation. This is despite that all other challenges to arbitral awards enjoy a 90-day statute of limitations, while it is merely 10 days for the tenured educators. The transcripts have been as long as 10,000 pages; the decisions themselves are often more than 80 pages. Thus, when a 3020-a respondent calls to retain me for an Article 75 special proceeding, it means I must literally drop everything else until the Article 75 petition is filed and served as it is the only means to challenge the arbitration *per se*.

Where the educator has already brought the issue of unfair discrimination to the Federal Court, leave to amend the complaint must be made in tandem, to remove all references to the arbitrator or the conduct of the 3020-a process in order for the federal questions and supplemental

Principal: Joy Hochstadt, PhD., JD, Dipl. Amer. Bd. Clin. Chem.,   Telephone 212 580 9930   Facsimile: 212 580 9322
Admitted: Federal & State Bars of NJ & NY, 2nd Circuit & U.S. Supreme Court   e-mail joy.hochstadt.pc@gmail.com

state civil rights issues to go forward without being Stayed pending the Article 75 arbitration proceeding. Thus, when Lisa Vecchione Ed.D. [v. DOE et al 10-6750 (GBD) SDNY] an Assistant Principal who was just fired with no other allegation against her but "excessive absence" which was entirely the result of a Line of Duty Injury; received the startling decision of her arbitrator on December 30, 2010; I filed her Article 75 petition on January 6, 2011; I was granted leave to amend her complaint, on the record, by Judge Daniels on that same day; I filed by ecf the amended complaint on January 21, 2011; I assembled and served both the amended complaint and supporting papers, and petition for the Article 75, on January 24, 2011.

I am able to do the *pro bono* work that I do, because I hire no staff, I do virtually everything myself, although I do help out an itinerant original Teachers4Action v Bloomberg et al, ("T4A") plaintiff who lost NYSUT representation for his participation in that lawsuit, and consequentially lost his job, his home purchased 12 years ago was lost to foreclosure; his family moved to an apartment without him; unemployment benefits for a 55 year old English teacher with the DOE for 23 years, ran out months ago and all because he too, was absent too often, and denied assigned counsel mid hearing. Thankfully, the Department of Labor determined that medically indicated and documented absence, was not misconduct and he received benefits despite the DOE opposition[1].

This week, it was finally revealed, that a Bronx Principal (Ms. Blige at Fordham High School for the Arts) was found to have instructed her Assistant Principals to give certain teachers Unsatisfactory ratings before any of them had been observed teaching. Said teachers were rated Unsatisfactory for the year and reassigned to rubber rooms. When this got out, that she had ruined the careers of several teachers, the Principal was brought up on charges—however, rather than losing her job, the Principal was merely fined $7,500.00, but left in place[2]. It is both outrageous that she

---

[1] In Dr. Vecchione's case, on the other hand, where no misconduct was ever claimed, the DOE is likewise attempting to block her unemployment benefits by alleging that she is physically unable to work, though her physician has cleared her for retun to work 18 months ago, DOE confined her to a rubber room at that time and she was nefariously taken off the payroll September 15, 2910 on the basis that she was delaying the proceedings when I advised her to go through the 3020-a and not settle on DOE terms which included a $15,000.00 fine and summary, no recourse, dismissal if she were to be absent more than 10 days in any school year. Her benefits case is pending and she has been without any funds since September 15, 2010.

[2] I do not know if any of her teacher cases had reached the 3020-a hearing stage or whether there was perjury involved, but if there was, the leniency she was shown is even more outrageous; she should have been criminally prosecuted, and of course, terminated. I understand, however, she was a graduate of Joel Klein's "Leadership Academy" where her tactics are likely taught and that is why she was spared. The inference is also strengthened that *ex parte* and impermissible direction from Theresa Europe governed the so-called "independent" arbitrator's decision as arbitrators generally secure their longevity presiding over 3020-a proceedings by being harsh with teachers. Such *ex parte* communication between Theresa Europe and the arbitrators, and specifically Twana Adams' arbitrator was brought to the attention of this Court via Adams' declaration filed in T4A on April 28, 2008. Further, is was this Court which insisted that all T4A plaintiffs identify themselves, despite their fear of retaliation, "that the Court would deal with the retaliation." As soon as they identified themselves all 61 lost their NYSUT assigned counsel and at least eight of ten or more teachers whose hearings were held between March and June 2008 were fired as they had no representation, objected

---

Principal: Joy Hochstadt, PhD., JD, Dipl. Amer. Bd. Clin. Chem.,    Telephone 212 580 9930    Facsimile: 212 580 9322
Admitted: Federal & State Bars of NJ & NY, 2nd Circuit & U.S. Supreme Court    e-mail joy.hochstadt.pc@gmail.com

Page 3 of 4

was left in place and it is the tip of the iceberg. I may have been able to settle my own case because an Assistant Principal ("A.P.") who testified against me in the DOE setting of the arbitration, when deposed for my federal suit in UFT premises with no DOE employee present, just Assistant Corporation Counsel, and NYSUT counsel representing me, admitted that he was made aware that "the Principal wanted [me] out of the school, did not want [me] to teach there" from the day he was hired which was at least a week before students arrived for the year and I had been on leave in law school since before that Principal had been hired. I arrived back in the building the same day as my new A.P.[3]

After having spent an entire two years (2006-2008) with about 150 reassigned teachers at 333 7th Avenue, I believe that at least 90% of the reassigned teachers did nothing to warrant being brought up on charges, it was all a pretext to purge older, highly paid, long tenured teachers, in order to hire younger, untenured teachers earning half their predecessors salary.

In the interim, between my last letter to Your Honor and this one, I also drafted and served a memorandum of law in Twana Adams Article 75 case which I shall argue on the morning of January 27, 2011; I served as respondent's counsel in a 3020-a that closed on January 6, 2011; I drafted a declaration for submission to Your Honor, received feedback from Mr. Supple, and would have been starting to work on the final draft earlier this week.

The second exigency is, one thing I had not counted on in my scheduling was that my Petition for a Writ of Certiorari to the Supreme Court, Geier et al v Omniglow et al (10-773), would be opposed, the opposition brief was filed/served as Ordered by the Court, on January 11, 2011. I was unable to begin on it until after January 15, 2011. Though a reply brief is only permitted to be 3000 words –that appears to be the most difficult part, paring it down to those limits. It also must contain only new material not included in the Petition. I called the Clerk's Office to ascertain when my reply was due. I was told that it was officially due on January 27, 2011, but if I could not get it in on that day, to just get it there as soon as possible. Given, that I've learned from the Petition preparation itself, that once the brief is complete, there is still the time consuming task of working with the

---

to nothing, cross examined no one and put on no case, only constantly reiterating that the process was unfair, they needed representation. No hearing officer, objected or even queried anything, neither the withdrawal mid trial of the attorneys, nor anything thereafter, the trials were rushed through at warp speed and every respondent whose posture was that they were incapable of adequately defending themselves was fired. Two educators, Mr. Fofana and Ms. Gisors received several month suspensions. Mr. Fofana was able to defend himself because he had been through a previous 3020-a where he was totally acquitted of all charges, thus, he had knowledge of how to participate such a hearing and Ms. Gisors who wrote to the 1st Department Disciplinary Committee complaining of the conduct of her hearing officer from the outset. Therefore, the arbitrator knew the proceedings would be scrutinized contemporaneously.

[3] I also was assigned to teach all self-contained special-ed classes for an entire year, most with at least two diagnosed emotionally disturbed students, which is in violation of the NYCRR as I have no license in special ed, and when this did not result in my resignation, I was brought up on charges that the comportment of my students included students gazing around the room, getting out of their seats, speaking out of turn, inter alia.

Principal: Joy Hochstadt, PhD., JD, Dipl. Amer. Bd. Clin. Chem.,    Telephone 212 580 9930    Facsimile: 212 580 9322
Admitted: Federal & State Bars of NJ & NY, 2nd Circuit & U.S. Supreme Court    e-mail joy.hochstadt.pc@gmail.com

Page 4 of 4

printer, to make sure that stylistically the placement of every comma, is in concordance with every other comma *inter alia*. I am in still the midst of preparing the brief.

**For all of the above set of circumstances, I respectfully request a second extension until February 14, 2011** to complete and have printed my reply to the opposition to my petition for a grant of a Writ of Certiorari (Docket No. 10-773) in the Supreme Court of the United States and to allow time for my attorneys to review and comment-on/edit the final draft of my opposition to the Report and Recommendations of His Honor Judge Peck, once I have drafted it.

With gratitude for the Court's graciousness, courtesies and efforts.

Most respectfully submitted,

*[signature: Joy Hochstadt]*

cc: The Honorable Andrew J. Peck, USMJ by fax 212 805 7933
    Nicholas Penkovsky, Esq. by email
    Blanche Greenfield, Esq. by email
    Antoinette Blanchette, Esq. by email

> Request GRANTED. The time for Attorney Joy Hochstadt to file objections to the Report and Recommendations of Magistrate Judge Peck dated 12-9-10 is extended to 2-14-11. The time for the City and State defendants to respond is extended to 3-1-11. No further extensions will be considered.
> SO ORDERED:
> 1-26-11
> VICTOR MARRERO, U.S.D.J.

Principal: Joy Hochstadt, PhD., JD, Dipl. Amer. Bd. Clin. Chem.,   Telephone 212 580 9930   Facsimile: 212 580 9322
Admitted: Federal & State Bars of NJ & NY, 2nd Circuit & U.S. Supreme Court   e-mail joy.hochstadt.pc@gmail.com