UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MARIE ANNE THOMAS, et al.,

                         **Plaintiffs,**                     **MEMORANDUM AND ORDER**

          -against-                        **09-CV-5167 (SLT)**

NEW YORK CITY DEPARTMENT OF
EDUCATION, et al.,

                        **Defendants.**
------------------------------------------------------------x

ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:

Currently pending before this Court is an application filed by plaintiff Josefina Cruz

("Dr. Cruz"), who is now proceeding *pro se*,[1] for reconsideration of this Court's

Memorandum and Order dated September 14, 2010, wherein the Court granted the motion of

defendants New York City Department of Education ("DOE") and four DOE executives and

directors (collectively, "defendants") to stay all discovery pending the District Court's

resolution of defendants' pending motion to dismiss the complaint.  See Memorandum and

Order (Sept. 14, 2010) ("9/14/10 M&O"), ECF Docket Entry ("D.E.") #63.  Familiarity with

that opinion is presumed.  Having reconsidered its decision in light of the arguments proffered

by Dr. Cruz, the Court declines to lift the stay of discovery for the reasons outlined below.

## BACKGROUND

Simply put, this Court stayed all discovery pending the resolution of the motion to

dismiss because all the relevant factors weighed in favor of a stay:  defendants had made a

---

[1]  Dr. Cruz was previously represented by attorney Joy Hochstadt, who continues to represent
the other plaintiffs in this action.

strong showing that at least some of plaintiffs' claims lack merit or have been rendered moot; plaintiffs' discovery demands were extremely broad and burdensome; and a stay would not unduly prejudice plaintiffs, as defendants satisfied the Court that they had already eliminated the so-called "Rubber Rooms," the primary source of plaintiffs' alleged injury.  See 9/14/10 M&O at 5-6.

In a letter to the Court received on October 1, 2010 -- the deadline for filing objections to the 9/14/10 M&O -- Dr. Cruz requested more time to file her objections, in light of the failure of her former counsel, Ms. Hochstadt, to oppose the motion to stay discovery.  See Letter to the Court (Oct. 1, 2010), D.E. #64.  This Court granted Dr. Cruz's request, eventually extending her deadline to object until November 15th.  See Endorsed Order (Oct. 1, 2010), D.E. #64; Order (Oct. 22, 2010), D.E. #68.[2]  This Court also granted Dr. Cruz's

---

[2]  In the interim, the Court denied a request by attorney Hochstadt -- who had not filed any opposition to the motion for a stay -- to extend the time for her to object to the resulting ruling.  See Order (Oct. 4, 2010), D.E. #66.  On February 2, 2011, four months after the October 1st due date for her objections to the 9/14/10 M&O, Ms. Hochstadt filed a declaration, purportedly in support of Dr. Cruz's *pro se* motion, in which she seeks to "set aside" the stay ordered on September 14, 2010.  See Motion to Set Aside Order on Motion to Stay (Feb. 2, 2011), D.E. #86.  Ms. Hochstadt's submission is an extremely tardy attempt to circumvent this Court's scheduling orders.  Her submission is therefore rejected as untimely.

Moreover, although Ms. Hochstadt now "implore[s]" the Court to lift the stay of discovery, id. ¶ 55, and argues that "[t]here is much to be discovered[,]" id. ¶ 47, she advanced a contrary argument in opposing Dr. Cruz's application to terminate Ms. Hochstadt's representation of her.  In defending her failure to oppose the City's motion to stay discovery, Ms. Hochstadt asserted that her firm "has had full discovery in five federal cases of putative class members produced in the last two years or less, as well as even more revealing documents the DOE has submitted in defense of its position in over 15 other cases where I am

(continued…)

request to terminate her representation by her then-attorney Joy Hochstadt and to proceed *pro se*. See Order (Nov. 1, 2011), D.E. #69. On November 16, 2010, Dr. Cruz submitted a Motion for Reconsideration of the 9/14/10 M&O ("Motion for Reconsideration"), followed by a Declaration in Support of the Motion for Reconsideration on December 9, 2010 ("Cruz Decl."), an amended Declaration on December 30, 2010, see Letter to the Court from Josefina Cruz (Jan. 24, 2011), D.E. #81,[3] and a letter dated February 15, 2011, accompanied by a declaration replying to defendants' opposition papers. See Letter (Feb. 15, 2011), D.E. #87; Reply Declaration, D.E. #87-1.

## DISCUSSION

"The standard for success on a motion for reconsideration 'is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or [factual] data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" T.Z. v. City of New York, 634 F.Supp.2d 263, 267-68 (E.D.N.Y. 2009) (quoting Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)). "The decision to grant or deny a motion for reargument is within the sound discretion of the Court." Id. at 268.

---

[2](...continued)
counsel of record." Request that the Order of Disqualification Be Vacated (Nov. 16, 2010), at 2, D.E. #70. In that same submission Ms. Hochstadt further argued that "this was not the time for a full litigation of the need for the extent of discovery requested because it was not likely to prevail at this time." Id.

[3] The initial motion and declaration are docketed as attachments to Defendants' Reply in Opposition (Feb. 1, 2011) ("Def. Reply"), D.E. #85; see D.E. #85-1 and 85-2.

Dr. Cruz initially requested more time to object to the 9/14/10 M&O because her then-counsel of record had not timely opposed defendants' motion to stay discovery and, she alleged, the Court thus "had nothing before [it] upon which to understand the potential reasons why a Stay of Discovery is not appropriate in this case."  Motion for Reconsideration at 1; <u>see also</u> Letter to the Court (Oct. 1, 2010) at 1, D.E. #64.  Having presented her objections, Dr. Cruz nonetheless fails to proffer any argument that warrants modification of the Court's ruling. The decision to stay discovery will not be disturbed.

Dr. Cruz relies primarily on <u>Tropp v. Conair Corp.</u>, No. 08-CV-4446 (ENV)(RLM) ("<u>Tropp</u>"), a patent infringement case in which this Court denied a request for a stay of discovery pending a defense motion to dismiss.  <u>See</u> Memorandum & Order in <u>Tropp</u> (June 15, 2010) ("<u>Tropp</u> M&O") at 5;[4] <u>see also</u> Motion for Reconsideration ¶¶ 8-12.  Essentially, Dr. Cruz argues that because this Court refused to stay discovery pending a motion to dismiss in <u>Tropp</u>, it should reach the same result here.  <u>See</u> Motion for Reconsideration ¶¶ 10-12.  <u>Tropp</u> bears little resemblance to the instant case, however.  Most importantly, <u>Tropp</u> involved a statutory presumption in favor of the party opposing the stay, as well as a motion to dismiss that implicated novel issues of law; under those circumstances, this Court concluded that the defendant movants had failed to make a strong showing that the plaintiff's claim lacked merit and that their motion to dismiss was likely to succeed.  <u>See</u> <u>Tropp</u> M&O at 5-6.  Here, in contrast, defendants have "made a strong showing that at least some of plaintiffs' claims lack

---

[4]  The <u>Tropp</u> M&O is docketed as Docket Entry #204 in that case.

merit . . . [and] at least some of plaintiffs' claims for relief have been rendered moot . . . ."

9/14/10 M&O at 5.

Second, as this Court observed, the discovery demands previously served in the instant case are "extremely broad" and would be highly burdensome for defendants to respond to. See 9/14/10 M&O at 6.[5]  In Tropp the discovery burden largely fell on the plaintiff, the party *opposing* the stay.  See Tropp M&O at 7.  Furthermore, staying discovery in Tropp would have unduly prejudiced the plaintiff because of ongoing violations of his patents.  See Tropp M&O at 9.  Here, in contrast, defendants have already eliminated the Rubber Rooms -- the primary source of plaintiff's alleged injury and the centerpiece of plaintiffs' complaint -- thereby mitigating any prejudice to plaintiffs.  See 9/14/10 M&O at 7; see generally Complaint, D.E. #1.  In short, in Tropp all of the factors favored denying a stay, whereas here those same factors favored granting one.

Most of Dr. Cruz's arguments address the merits of her claims rather than discovery issues.  Dr. Cruz asserts that she was wrongfully confined to a Rubber Room, see Motion for Reconsideration ¶¶ 35-40; that defendants violated New York State procedural requirements, thereby depriving her of due process; see id. ¶¶ 25, 28-29, 41-47; Cruz Decl. ¶¶ 6, 10, 16-17; and that the DOE knew that procedures intended to safeguard due process rights were not being followed and made false statements to the contrary.  See Cruz Decl. ¶¶ 6-13.  To the

---

[5]  Those demands were served by attorney Hochstadt.  Dr. Cruz has failed to specify what narrower demands she would serve were the stay lifted.  See *infra* pp. 6-7.

extent that these arguments are relevant to the appropriateness of staying discovery, the Court,

in granting the stay, considered similar arguments proffered by plaintiffs.  Although Ms.

Hochstadt failed to file a response to the motion to stay, the Court took into account the

arguments advanced by plaintiffs in opposing defendants' motion to dismiss; the Court

nonetheless concluded that "defendants have made a strong showing that at least some of

plaintiffs' claims lack merit," 9/14/10 M&O at 5, and that even if some claims survived the

motion to dismiss, discovery should await a ruling from the District Court that will likely

"narrow and clarify the scope of the issues in this litigation . . . ."  Id. at 6.[6]  Nothing in Dr.

Cruz's various submissions alters those conclusions.

Finally, although Dr. Cruz requests that the Court "grant [her] the discovery sought,"

she fails to identify what specific discovery she is seeking.  Cruz Decl. ¶ 5.  While she offers

to limit her demands quantitatively -- to twenty interrogatories, twenty requests for production

of documents and twenty requests for admissions, see id. ¶ 19; Motion for Reconsideration ¶¶

15, 17 -- she proposes no real qualitative limitation on the scope of discovery.  See Motion for

Reconsideration ¶ 16 (proposing discover for issues encompassing the entire case).  Plaintiffs'

overly broad and unduly burdensome discovery requests were one reason this Court granted

defendants' motion to stay discovery.  See 9/14/10 M&O at 6.  Absent any particularization as

---

[6]  Furthermore, as defendants note in their February 1st letter to the Court, "both a state and a federal court have evaluated and dismissed, on the merits," Dr. Cruz's claims; defendants seek to dismiss the claims not only on the merits, but on res judicata and collateral estoppel grounds.  Def. Reply at 2.

to the nature of Dr. Cruz's discovery requests, this Court has no basis on which to conclude that Dr. Cruz's demands would be any more appropriate than the "extremely broad" and "wide-ranging" requests that prompted this Court to stay discovery.  Id.

**CONCLUSION**

For the foregoing reasons, this Court, in its discretion, denies Dr. Cruz's Motion for Reconsideration.

Any objections to the recommendations contained in this Report and Recommendation must be filed with the Honorable Sandra L. Townes on or before **March 21, 2011**.  Failure to file objections in a timely manner may waive a right to appeal the District Court order.

The Clerk is directed to enter this Memorandum and Order into the ECF system and to transmit copies by Federal Express to Dr. Josefina Cruz, 301 Cathedral Parkway #1J, New York, NY 10026.

**SO ORDERED.**

**Dated:     Brooklyn, New York**
**           March 3, 2011**


                                        **ROANNE L. MANN**
                                        **UNITED STATES MAGISTRATE JUDGE**